[No. 10,043.]

## THE PEOPLE *v.* EDWIN ROBINSON.

JUDGMENT AFTER CONVICTION. — It is doubtful whether the limitation of time fixed in the Penal Code, within which judgment may be pronounced in a criminal case after conviction, applies in the case of a judgment upon a plea of guilty.

WAIVER OF STATUTORY RIGHT IN CRIMINAL CASE. — The defendant in a criminal case may waive the time which the Penal Code allows after conviction before sentence is pronounced, and may consent that judgment be pronounced immediately.

WAIVER OF STATUTORY RIGHT. — A party may waive a right created by the statute for his benefit.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The defendant appealed.
The other facts are stated in the opinion.

*W. B. G. Keller*, for Appellant.

The defendant cannot waive his legal rights. An entry of judgment in a criminal case in the minutes of the Court ought to show that all the acts required by the statute have been performed. (*Ex Parte Gibson*, 31 Cal. 620.) The requirements of section eleven hundred and ninety-one of the Penal Code had not been complied with here. The consent of the defendant did not confer jurisdiction on the Court to pronounce judgment. (*People* v. *Germone*, 1 Hill, 344.)

*George A. Blanchard*, for Respondent.

Section eleven hundred and ninety-one of the Penal Code does not apply to a case where there is a plea of guilty. A party may waive a statutory right, given for his benefit, which does not affect the jurisdiction. (1 Bish. on Crim. Proc. " Waiver of Statute;" Sedgwick on Stat. 109 and 421; 3 N. Y. 197; 16 Barb. 486.)

By the COURT:

The defendant, having been indicted for murder, pleaded not guilty, but subsequently withdrew his plea and pleaded guilty of manslaughter. It appears from the minutes of the Court that upon the day of the entry of this plea, the defendant, with the consent of the District Attorney, waived time, and asked that judgment be then pronounced, as the Court was about to adjourn; whereupon judgment of imprisonment was immediately pronounced and entered. It is claimed by appellant that this action of the Court was in

contravention of the provisions of section eleven hundred and ninety-one of the Penal Code, which is as follows: "After a plea or verdict of guilty, or after a verdict against the defendant, on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the Court must appoint a time for pronouncing judgment, which must be at least two days after the verdict, if the Court intend to remain in session so long; or if not, as remote a time as can reasonably be allowed. But in no case can the judgment be rendered in less than six hours after the verdict."

It may well be questioned whether the limitation of time expressed in this statute applies at all to the case of a judgment upon a plea of guilty. By the terms of the Act, the time for which judgment must be delayed commences to run at the date of the rendition of the verdict. But if, as in this case, there be no verdict, it is difficult to see where the starting point is from which the time is to be reckoned. This construction of the statute would be a reasonable one, for the evident intent of the required delay is to give to the defendant in a contested case sufficient time to prepare his motion for a new trial or in arrest of judgment, which proceedings must be taken before the judgment is rendered.

These reasons do not exist, at least in the same degree, in the case of a judgment upon a plea of guilty.

But without passing upon this question, we think the case may be readily determined upon another ground. The defendant expressly waived the time, which, we may concede for the purposes of the case, was given to him by statute, and asked immediate judgment of the Court. It is a familiar principle that a party may waive a right created by a statute for his benefit. The right here insisted upon, was the creature of the statute, and would have no existence without it. He requested the Court to disregard it in his

favor, and cannot now be heard to say that the Court erred in granting his own request.

Judgment affirmed.