[Civ. No. 5031.  Second Appellate District, Division Two.—December 17, 1925.]

PACIFIC HOME BUILDING REALTY COMPANY (a Corporation), Appellant, v. EDWIN M. DAUGHERTY, as Commissioner of Corporations, etc., Respondent.

[1] CERTIORARI—PLEADING—ANSWER.—An answer is not permissible in a proceeding for a writ of review.

[2] ID.—DEMURRER—DISMISSAL—PRACTICE.—Under the practice in a proceeding for a writ of review, the filing of a demurrer is proper, and where a judgment of dismissal is rendered after hearing on a petition for a writ of review, questions which might have been determined on demurrer may also be presented on motion to dismiss the proceeding.

[3] ID.—PURPOSE OF WRIT—JURISDICTION.—The writ of review will issue where there is shown an excess of jurisdiction by the officer, board, or tribunal whose action is sought to be reviewed, but never to correct mere error in the exercise of a jurisdiction which is legally existent.

[4] CORPORATE SECURITIES ACT—SALE OF SECURITIES—PERMITS—REFUSAL TO GRANT SUBSEQUENT APPLICATIONS—CERTIORARI—JURISDICTION.—The fact that the Commissioner of Corporations, under the discretion vested in him by sections 3 and 4 of the Corporate Securities Act (Stats. 1917, p. 673), grants the first of a chain of applications to sell the securities of a corporation, does not entitle the corporation to a writ of review when the commissioner refuses to grant subsequent applications, because it is for the commissioner to determine whether the conditions affecting a disposition of the first application have later changed, and if he reaches an incorrect conclusion upon that question, his determination is merely error and not in excess of his jurisdiction.

(1) 11 C. J., p. 172, n. 59.   (2) 11 C. J., p. 155, n. 1 New, p. 183, n. 46 New.   (3) 11 C. J., p. 100, n. 77, p. 102, n. 85 New, p. 107, n. 77.   (4) 37 C. J., p. 240, n. 78, p. 241, n. 83, p. 272, n. 61, 69 New.

APPEAL from a judgment of the Superior Court of Los Angeles County dismissing an application for *certiorari* to review an order of the Corporation Commissioner refus-

1. See 4 Cal. Jur. 1101.
2. See 4 Cal. Jur. 1094.
3. See 4 Cal. Jur. 1622; 5 R. C. L. 253.

ing permission to sell securities. Walter Guerin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Andrews & Brooks for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney and John W. Maltman, Deputies Attorney-General, for Respondent.

WORKS, J.—Petitioner made his application to the superior court for a writ of review against defendant. The writ issued, but judgment was rendered dismissing it, upon answer to the petition for the writ and after hearing thereon. Petitioner appeals from the judgment.

So far as its averments are material to a disposition of the appeal, the petition for the writ alleged that appellant is a corporation organized and existing under the laws of this state; that it was organized on November 18, 1922, for the purpose of engaging in the real estate and building business, and particularly for the purpose of operating under what is known as the Ritchey Simplified and Combined Features Plan in selling real estate and in the building of homes on the installment plan, under which the company sells to the home purchaser contracts in units of $1,000, and agrees within a specified time, and upon a certain amount being paid in, to purchase for him a lot, and thereafter to build for him a home, expending for him practically the amount of money paid by him into the company, less a commission for its work; that prior to the incorporation of appellant those who organized it had incorporated an earlier corporation, with a capitalization of $20,000, for the same purposes as those for which appellant was later organized; that this earlier corporation had applied to respondent, the Commissioner of Corporations, for a permit to sell its stock and to dispose of its contracts; that respondent ruled that the capital stock of the earlier corporation was too small and that a new corporation must be formed with a capital of at least $50,000, from which capital the new corporation would be required to set aside $10,000, as a reserve fund to be held

subject to the written order of respondent; that thereafter, and in accordance with this ruling of respondent, appellant was organized; that thereafter, and on November 22, 1922, pursuant to application therefor, respondent issued to appellant a permit to sell its stock and $20,000 worth of its contracts; that on May 10, 1923, respondent issued to appellant an amended permit directing the establishment of a reserve fund in accordance with the previous ruling of respondent and providing for its accumulation; that thereafter the reserve fund was duly accumulated, and that thereafter, and on October 8, 1923, respondent, upon application for leave to sell an additional $1,000,000 worth of its contracts, issued to appellant a permit authorizing it to sell $250,000 worth thereof; that at the time of the issuance of this latter permit an officer of the corporation department notified appellant that its plan was just and legal, but that it was advisable to see whether its contracts could be sold successfully to the public, and that if they were so sold successfully, then a permit would be granted to sell the additional $750,000 worth of contracts mentioned in the application; that, relying in good faith upon this representation, appellant proceeded immediately to employ and did employ trained salesmen, opened an office and solicited business from the public, with the result that between October 11 and December 29, 1923, it had sold all the contracts authorized by respondent's two permits to be sold and was unable to do further business until a supplemental permit was granted allowing it to proceed therewith; that on October 28, 1923, appellant filed with respondent its application for a permit to sell the remaining $750,000 worth of its contracts specified in its previous application for leave to sell $1,000,000 worth thereof; that on January 21, 1924, and without any further examination into appellant's business than such examination as was made in connection with appellant's earlier application, respondent refused the permit requested by the application of October 28, 1923; that respondent, through his investigation and by the permit granted by him on November 22, 1922, and by the amended permit granted by him on October 8, 1923, found that the business carried on by appellant is not unfair, unjust, or inequitable; that appellant intends fairly and honestly to transact its busi-

ness and that the certificates it proposes to issue and the methods it proposes to use were not such as in the opinion of respondent would work a fraud upon the purchaser; that nothing has occurred since the granting of the amended permit above mentioned that would work a fraud upon the public, nor have any improper acts been committed by appellant or its officers; that the contract for which application to sell securities was made is the same contract that has been passed upon by respondent, and that appellant is in a solvent financial condition and able to carry out all of the agreements by it made in its contract with the home purchasers; and that by reason of the refusal of respondent to grant the last permit applied for by appellant, it has been forced to discontinue its business, having completed the sale of all its securities under the permits previously granted by respondent, its business force is being disorganized and great loss is threatened to its stockholders by its failure to be able to continue the business. Attached to the petition as exhibits were copies of the various papers mentioned in it. The prayer of the petition was that a writ of review issue commanding respondent to certify to the court all of the proceedings had in the matter of the application which respondent refused to grant, and that, upon a hearing, respondent be ordered to grant the permit requested.

[1] It is not necessary to state the nature of the return which respondent made to the writ, or to determine whether it was sufficient as a return, or was a mere answer, the latter not being permissible in a proceeding for a writ of review (4 Cal. Jur., tit. "Certiorari," sec. 65). The questions argued in the briefs all turn upon the sufficiency of the petition for the writ, and we shall determine them as if a demurrer to the petition had been interposed. [2] Under the practice in such a proceeding the filing of demurrer is proper (Id., sec. 59). In fact, questions which may be determined on demurrer may also be presented on motion to dismiss the proceeding (Id.), and a judgment of dismissal was rendered here.

[3] The writ of review will issue where there is shown an excess of jurisdiction by the officer, board, or tribunal whose action is sought to be reviewed, and never to correct mere error in the exercise of a jurisdiction which is legally

existent (Id., sec. 4).    [4]    It is contended by appellant
that respondent's lack of jurisdiction to make the assailed
order is demonstrable on several grounds. The first of
these is thus stated in appellant's brief: "When the Com-
missioner of Corporations has rendered a decision that a
business is fair, just, and equitable and that the intention
is to fairly and honestly transact it, and that the securities
to be issued and the methods to be used will not work a
fraud upon the purchasers thereof, and has issued a permit
to a company to carry on its business and, relying upon the
decision and permit, property rights have become involved,
a contract has been made which cannot be broken by the
State without cause." In answering this contention, little
more is necessary than to state a part of the provisions
of sections 3 and 4 of the Corporate Securities Act (Stats.
1917, p. 673; Deering's Gen. Laws, ed. 1923, Act 3814).
Section 3 provides: "No company shall sell, . . . or offer
for sale, negotiate for the sale of, or take subscriptions for
any security of its own issue until it shall have first ap-
plied for and secured from the commissioner [of corpora-
tions] a permit authorizing it so to do. . . . " A part
of section 4 follows: "Upon the filing of such application,
it shall be the duty of the commissioner to examine it and
the other papers and documents filed therewith, and he
may, if he deems it advisable, make or have made a de-
tailed examination, audit, and investigation of the appli-
cant and its affairs. If he finds that the proposed plan
of business of the applicant is not unfair, unjust, or
inequitable, that it intends to fairly and honestly transact
its business, and that the securities that it proposes to issue
and the methods to be used by it in issuing or disposing
of them are not such as, in his opinion, will work a fraud
upon the purchaser thereof, the commissioner shall issue
to the applicant a permit authorizing it to issue and dispose
of securities, as therein provided, in this state, in such
amounts and for such considerations and upon such terms
and conditions as the commissioner may in said permit
provide. Otherwise, he shall deny the application and
refuse such permit and notify the applicant in writing
of his decision. . . . " It will be observed that appellant
does not contend that a corporation need not apply to the
Commissioner, successively and as frequently as it may

desire to sell blocks of its securities, for a separate permit to sell each block, or that the Commissioner has not jurisdiction to receive such successive applications. The contention is, in effect, that he has jurisdiction to grant or refuse the first of such a chain of applications, but only to grant those which may follow the first. This is, without doubt, the contention made, considering solely the question of *jurisdiction*—and that is all we can consider in determining whether appellant was entitled to the writ of review. It will not do to say in such a proceeding as this that the Commissioner may not refuse later permits, after granting the one first made, unless conditions affecting a disposition of the first application have later changed. It is for the Commissioner to determine whether the conditions have changed. If he reaches an incorrect conclusion upon that question, it is obvious to us that his determination is merely error and is not in excess of his jurisdiction. Plainly, he may reject applications which follow the first upon *some* grounds, and whether those grounds exist is a matter for him alone, so far as the mere question of jurisdiction is concerned. No matter how flagrantly he may err upon such a point, he is utterly free from check or interference by means of the writ of review. If we traverse appellant's statement of its first point, it appears conclusively that our estimate of the situation is correct. After a corporation is granted a permit to make sale of its first block of securities, upon due ascertainment of its standing by the Commissioner, its business may become unjust, unfair, and inequitable. Such a change might easily come about, without making a search for other possibilities, because the capitalization of the corporation is too small to sustain the burden of a further sale of its securities. Here, for instance, was a $50,000 corporation which had already "sold" $270,000 worth of its contracts and was desirous of negotiating them to the further extent of $750,000. Further, after its first application a corporation might abdicate its original intention fairly and honestly to transact its business. This could transpire, for instance, by its directorate falling under the control of a majority composed of persons of notorious dishonesty or want of capacity. It is not necessary to pursue the traverse further. The petition here alleges that none of these

imagined changes had occurred in the present instance, but the averment boots nothing. Whether they had occurred was, again, for the Commissioner to say, under the exercise of the jurisdiction conferred upon him by law, and the allegation that they had not occurred is not for us in such a proceeding as this. Appellant was not justified in arranging its business upon the supposition that further permits would be granted to it, merely because some permits had already been granted. Necessarily, there must be a cessation of such grants somewhere, and the law has conferred jurisdiction upon the Commissioner to determine when the point of saturation has been reached. Under all these circumstances it is plain to us that the state made no contract with appellant when the Commissioner granted its earlier applications for leave to sell its securities.

Another point made by appellant is thus couched: "The respondent exhausts his power after once deciding as to whether a business is unjust and cannot reverse his decision without cause. His action in ruling on this matter is a judicial decision and the rule of *stare decisis* and *res adjudicata* applies." It is argued, also, under a separate head, that appellant's petition presented grounds for the granting of the writ of review. These points are answered by what we have said above.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.