[Civ. No. 7034. Third Dist. June 14, 1944.]

WILLIAM J. SWARS, Appellant, v. THE COUNCIL OF THE CITY OF VALLEJO et al., Respondents.

J. W. O'Neill for Appellant.

Rolland L. Pope for Respondents.

ADAMS, P. J.—This is an appeal from an order of the Superior Court of Solano County denying a petition for a writ of certiorari filed therein by appellant. The petition alleged that petitioner was and had been since September 2, 1941, a sergeant of police in the city of Vallejo, qualified under the civil service rules and regulations of the city; that on October 10, 1942, the chief of the police department had presented to the city council a written recommendation that petitioner be dismissed from the police department for the reason that petitioner had conducted himself in a manner unbecoming a police officer in that he had unnecessarily and unmercifully beaten an intoxicated person; that the city council had then and there, without notice to petitioner, and without a hearing of any charges, dismissed petitioner from the police department; that on October 12, 1942, notice of his dismissal was served upon petitioner, and on October 20th petitioner filed with the Civil Service Commission of the city an answer, appeal and demand for a review of his dismissal; that the commission thereupon set a time and place for the hearing of petitioner's appeal, at which time and place petitioner, with counsel, appeared before said commission and demanded that he be given a public hearing, which demand was denied; that petitioner and his counsel thereupon left said hearing, which hearing then proceeded behind closed and locked doors, but that at said hearing a stenographic reporter was present who reported all testimony and evidence introduced thereat; on information and belief, that at said hearing there was no testimony or evidence offered or received that petitioner had ever inflicted personal injuries by the use of unreasonable and unwarranted physical force and violence upon the person of anyone nor was there received or offered any evidence of any conduct on his part unbecoming a police officer or otherwise; that on November 5th the said commission filed with the city council its "Findings and Conclusions" which read:

"After due consideration of the evidence presented in this case, we, the Vallejo Civil Service Commission, uphold the action taken by the City Council in the adoption of Resolution 28191 N.S., dated October 10th, 1942, wherein the office of Police Sergeant held by William J. Swars, is hereby declared vacant and he is hereby dismissed from the services of the City of Vallejo effective the 10th day of October, 1942."

The petition further alleged that in dismissing petitioner respondents exceeded their jurisdiction, particularly because no evidence was introduced before the commission to sustain its purported findings and conclusions, and that the purported findings and conclusions are arbitrary and do not set forth either the facts or the evidence to support same.

Upon the filing of the petition in the lower court an order to show cause was issued, and at the time set for hearing thereon the city attorney of Vallejo appeared for respondents but filed no answer, demurrer, motion to dismiss or points and authorities in opposition. However, he argued, orally, that the issuance of a writ of certiorari is in the discretion of the court, and that the allegations of the petition did not justify the issuance of such writ or even an alternative writ in the case, and therefore the petition should be denied. He admitted that the charter of the city of Vallejo gave petitioner the right to a hearing on appeal to the Civil Service Commission, but urged that the allegation on information and belief that no evidence was introduced before the commission was insufficient, that the denial of an open hearing by the commission was in accordance with an ordinance of the city providing that hearings conducted by the commission may by unanimous vote of the members be closed if it be deemed necessary to secure all the facts, and that the findings of the commission "were complete and were sufficient to inform the petitioner in this matter as to the action taken by them and as to their findings in the matter." He admitted that petitioner has no appeal and no plain, speedy or adequate remedy.

The trial court took the position that the law presumes that the commission acted legally and also presumes that there was sufficient evidence before it. Also it was apparently of the opinion that petitioner had some other remedy, for in response to a statement by petitioner's counsel that he had no other method or procedure in the law that he knew of, the court stated: "Well, he has. Now, I have been hearing these matters before the Supervisors for these writs, and City Councils for the writs, and Board of Civil Service, and the law is pretty well defined, and the procedure." The petition was thereupon denied, and this appeal followed.

The sufficiency of a petition for a writ of review should be raised by demurrer or by motion to dismiss. (*Pa-*

*cific Home B. R. Co.* v. *Daugherty,* 75 Cal.App. 623 [243 P. 473].) Neither course was pursued in the court below, nor did the court, at the hearing on the order to show cause why the writ should not issue, resort to evidence without the record for the purpose of determining whether or not injustice might be done by the issuance of the writ, as it has been said may be done (*Donovan* v. *Board of Police Commissioners,* 32 Cal.App. 392, 396 [163 P. 69]) ; and no points and authorities in opposition were filed by respondents as rule 56(b) of the New Rules on Appeals and Original Proceedings now provides may be done. However, as the arguments presented there and here are directed to the sufficiency of the petition the case is determinable as if a demurrer had been filed.

The charter of the city of Vallejo which was adopted in 1911 (Stats. 1911, p. 1958) provided for a city council. An amendment thereto adopted in 1941 (Stats. 1941, p. 3370) created a Civil Service Commission. Section 11 of said amendment provides:

"The City Council is hereby vested with the right to exercise the disciplinary and removal powers hereinafter provided.

"An employee holding a position in the Classified Service shall be subject to demotion or removal from office . . . for misconduct, incompetency, inefficiency, failure to perform the duties, or to observe the rules and regulations of the department, office or board, or for failure to co-operate reasonably with the Department Head or with his fellow employees, but subject to the right of the employee to appeal to the Civil Service Commission in the manner set forth in its rules and regulations. An employee shall be entitled to receive a written statement of the reasons for removal from office . . . and a copy of such statement shall be filed immediately with the Civil Service Commission. Such statement shall include in item form the specific instances in support of the cause of dismissal. An employee who has been dismissed shall have ten days after the receipt of such statement within which to file an answer to the same. . . . Within ten days after the filing of his answer . . . an employee who has been . . . removed from office may file a written demand with the Executive Secretary requesting the Civil Service Commission to review such suspension, demotion or removal. In which event the Executive Secretary without delay shall file with the

Civil Service Commission any copy of statement of reasons and answer of the employee together with such other information as may be provided for in the rules and regulations of the Civil Service Commission. Said Civil Service Commission may make, or cause to be made, such investigation as it shall deem necessary and thereafter shall hold a hearing; at which time it shall hear evidence for and against such employee. Hearings may be conducted informally and the rules of evidence need not apply. Written findings and conclusions shall be made by the Civil Service Commission within ten days after the matter has been submitted and thereupon the same shall be certified to the City Council and to the official from whose order the appeal had been taken. . . . Said findings of Civil Service Commission shall be final."

The allegations of appellant's petition for writ of review show that after his dismissal by the city council he appealed to the Civil Service Commission, filed an answer to the charges against him denying same, and appeared at the time and place set for a hearing before the commission; that he demanded an open hearing which was denied, and that he thereupon left said hearing; that the hearing continued in his absence and behind closed doors; that no evidence was introduced at said hearing to support the charges against him; that the commission thereafter filed what are designated as "Findings and Conclusions" (in the form hereinbefore set forth) sustaining the action of the city council in dismissing petitioner. His contentions before the trial court and before this court are that the commission in holding such hearing sat as an inferior tribunal or board exercising judicial functions, that in rendering its decision without the introduction of evidence in support of the charges against appellant it acted without or in excess of its jurisdiction, and that its purported findings are insufficient to support its conclusion in that they do not set forth any facts whatsoever; that the jurisdiction of the commission was limited to hearing and determining upon evidence before it, whether petitioner was or was not guilty of misconduct made grounds for removal by the charter; that in the absence of a denial thereof the allegations of his petition must be taken as true, and that he is entitled to have the proceedings of the commission reviewed by way of certiorari and to have the order of the commission annulled if it be revealed that it acted without or in excess of its jurisdic-

tion. Respondents' contentions here are the same as those made in the lower court, that the allegation of the petition that no evidence was produced before the commission is insufficient because made on information and belief, and that the findings of the commission are sufficient; that the issuance of a writ of review is a matter of discretion and not of right, and that the denial of a writ in this case was not an abuse of discretion.

■ That the Civil Service Commission in the proceedings before it sat as an inferior tribunal or board exercising judicial functions whose proceedings were special, and limited by the charter of the city of Vallejo to the determination of the correctness of the order of dismissal of petitioner, and that its proceedings, if without or in excess of jurisdiction, are subject to review by writ of certiorari, is well established. (*Garvin* v. *Chambers*, 195 Cal. 212 [232 P. 696]; *Petersen* v. *Civil Service Board*, 67 Cal.App. 70 [227 P. 238]; *Nider* v. *Homan*, 32 Cal.App.2d 11 [89 P.2d 136]; *Nider* v. *City Commission*, 36 Cal.App.2d 14 [97 P.2d 293]; *Walker* v. *City of San Gabriel*, 20 Cal.2d 879, 881, 883 [129 P.2d 349, 142 A.L.R. 1383].) ■ And if, as alleged by petitioner, there was no evidence adduced before that commission to support the charges against him, the commission lacked jurisdiction. (*Garvin* v. *Chambers, supra*, at page 221; *Walker* v. *City of San Gabriel, supra*, at page 882; *Naughton* v. *Retirement Board of S. F.*, 43 Cal.App.2d 254, 263 [110 P.2d 714].) Furthermore, the burden was on respondents to show that the commission did have jurisdiction (*Garvin* v. *Chambers, supra*, at page 223; *Petersen* v. *Civil Service Board, supra*, at page 79), and no presumptions can be indulged in favor of the orders of the commission as an inferior tribunal. (*Garvin* v. *Chambers, supra; Petersen* v. *Civil Service Board, supra*, at page 78; *Livingstone* v. *MacGillivray*, 1 Cal.2d 546, 549 [36 P.2d 622]; 2 MacQuillan on Municipal Corporations, 2d ed. revised, p.485, § 590.)

■ Regarding the contention of respondents that the allegation of the petition that no evidence was presented before the commission is insufficient because made upon information and belief, section 446 of the Code of Civil Procedure authorizes the making of allegations in such manner. While a plaintiff may not so allege facts known to him or ascertainable from public records, he may so allege matters which are

peculiarly within the knowledge of the other party or which he can learn only from statements made to him by others. (21 Cal.Jur. 49.) Such is the case here.

■ Regarding respondents' argument that the issuance of a writ of review is in the discretion of the court, and that the writ having been denied by the trial court we should affirm its order refusing the issuance of the writ, while it is true as a general proposition, that the writ may be denied where the granting of it would work injustice, where the applicant has been guilty of laches, or his inexcusable neglect has made it impossible for the parties to be placed *in statu quo*, or where there is no miscarriage of justice by reason of the proceeding complained of (4 Cal.Jur. 1061, et seq.) nevertheless the discretion exercised by the trial court must be a sound judicial discretion, controlled by principles of law; and the writ should not be denied if the allegations of the petition are sufficient in law, and none of the above mentioned grounds for its denial are made to appear. Here the writ was apparently denied, not because its allegations were deemed insufficient or because its issuance would work injustice or petitioner was guilty of laches or because no miscarriage of justice will result to petitioner if the allegations of his petition are true, but because, in the opinion of the trial court, the law presumes that the Civil Service Commission acted legally and upon sufficient evidence and, therefore, appellant may not have the record before the commission reviewed in order to prove the contrary.

In view of the authorities hereinbefore cited we are of the opinion that in denying the petition of appellant the trial court did not exercise a sound judicial discretion and that its order denying such petition should be reversed with directions to issue the writ and, upon a review of the record of the proceedings before the commission, determine, from the face thereof, whether there was before such commission evidence to support the charges against appellant and show that he should be discharged for any of the reasons set forth in the charter of the city of Vallejo as constituting cause for removal; and it is so ordered.

Peek, J., and Thompson, J., concurred.