[Civ. No. 7039.   Third Dist.   Sept. 21, 1944.]

FORREST M. HILL, Respondent, v. R. D. BRISBANE, Appellant.

16

Butler, Reckers & Montgomery for Appellant.

Robert W. Kenny, Attorney General, Clarence A. Linn and Doris H. Maier, Deputies Attorney General, for Respondent.

PEEK, J.—Appellant and respondent, R. D. Brisbane, appeals from a decree of the trial court granting respondent's petition for an order to show cause directing that he make available to the California Department of Employment certain information and documents relative to the records of employees and the wages paid to such employees by the Sutter Hospital of Sacramento.

The California Employment Commission, Department of Employment, in order to determine the contribution liability of the hospital, through petitioner and respondent Forrest M. Hill, its acting rules and regulation officer, issued its sub-

poena directing appellant and respondent R. D. Brisbane, superintendent of the hospital, to appear before an officer of the commission at the time and place therein designated, and to testify and produce for examination, certain hospital records as required by section 95 of chapter 352, Statutes 1935, as amended [Deering's Gen. Laws, 1937, Act 8780d], which relates to the keeping of records by an "Employing unit," as that phrase is used in the act (§ 8.5). Brisbane ignored the subpoena, and the commission thereupon instituted a proceeding under section 353 of the Political Code, which, in effect, provides that the head of a department may make investigations and prosecute actions concerning all matters relating to the business activities and subject under the jurisdiction of the department and in connection therewith to issue subpoenas for the attendance of witnesses and the production of records. The section further provides that in case of a refusal of any witness to testify or produce any records by such subpoena, the department head may petition the superior court for an order compelling the witness to attend and testify or to produce such records. The powers so conferred upon the head of a department may be delegated to such officer as the head of the department may desire.

At the date of the hearing before the superior court Brisbane filed a written answer to respondent's petition denying the authority of petitioner to issue a subpoena on the ground that the Employment Commission had no jurisdiction or authority over the hospital, alleging that it was a corporation organized and operated exclusively for charitable and scientific purposes; that no part of its net earnings inured to the benefit of any private shareholder, and that said hospital was exempt from taxes under Title IX of the Federal Security Act [42 U.S.C.A. § 1101 et seq.] Oral and documentary evidence was offered by appellant in support of such allegations but the admission thereof was denied by the trial court. At the conclusion of the hearing an order was made by the court that R. D. Brisbane, as superintendent of the Sutter Hospital, make available to the Department of Employment certain designated records of the hospital, and for failure to so comply with the terms of the order he should be dealt with as for contempt of court.

The sole question presented is whether the California

Employment Commission, an administrative body, through its duly authorized agents, has the right to require, or as stated by appellant, has it, under such circumstances, the jurisdiction to compel, the examination of books and records under the control of appellant as the superintendent of the Sutter Hospital.

Respondent's answer to such question is that the commission has such authority; that it is its duty under the statute to determine in the first instance the question of its jurisdiction, and that to deny such authority to the commission would destroy the fundamental purpose for which such agencies are created by allowing a party, contrary to legislative intent, to circumvent the agency by seeking recourse in the courts without first exhausting the administrative remedies provided by said statute.

Appellant, however, argues that the doctrine of exhaustion of administrative remedies does not apply in this case and that the commission had no power or authority to require him to appear and testify or to produce the records of the hospital for examination, in that the hospital is exempt under the provisions of the Unemployment Insurance Act.

In determining the questions so presented consideration must of necessity first be given to the purposes and intent of the act and the enforcement thereof in accordance with the provisions therein set forth.

It is stated in section 1 that the statute was enacted to alleviate the ills of unemployment and provides for the levy of compulsory contributions from both employer and employee. Under sections 37, 38, 44 and 45, a duty is imposed upon the commission to administer and enforce the act. Other sections permit the audit of taxpayer returns (§§ 45, ·45.5), assess penalties (§ 45.3), inspect books, demand information and pursue whatever course of action may be necessary to enforce payment from delinquents (§§ 45, 45.1, 45.8, 45.9, 95, 96), administer oaths, certify to official acts, issue process compelling attendance of witnesses and production of records (§ 70), and to secure obedience to such process under section 353 of the Political Code.

No issue has been raised by appellant attacking the regularity of the proceedings taken for the issuance of the subpoena nor of the authority of respondent as a department head under section 353 of the Political Code.

It must be understood at the outset that the controversy between the commission and the appellant, involving as it ultimately must, the question of the exemption of the hospital from the provisions of the act, was neither before the trial court nor is it now before this court. The important question is not what should be the decision of the commission on that point, but rather, what course should be pursued to arrive at a decision.

In the normal course of events as contemplated by the act, the commission, after proper investigation, would make its findings and conclusions, and thereafter judicial review might be sought by the employer. However, the appellant, under his theory of the case, would depart from this normal procedure and seek a judicial determination of his contention of exemption before the completion of any administrative investigation or proceeding.

As a condition precedent to a determination of the question as regards the alleged exempt characteristics of the hospital, a study of its records becomes a fundamental necessity. As yet the commission has had no opportunity to investigate and determine, first, whether or not the hospital was an "Employing unit," within the meaning of section 8.5 of the act, and second, if it be such an "employing unit," then is it exempt from contributions under section (g) of section 7 as alleged by appellant in that it is a corporation "organized and operated exclusively for . . . charitable, scientific . . . purposes . . .," no part of the net earnings of which inures to the benefit of any private shareholder or individual"; or is it exempt as alleged under section (k) of section 7 by virtue of its being a corporation not subject to a tax under title IX of the Social Security Act.

The evidence sought by the subpoena to establish such facts was not incompetent or irrelevant to any lawful purpose of the commission in this regard. (*Endicott Johnson Corp.* v. *Perkins*, 317 U.S. 501 [63 S.Ct. 339, 87 L.Ed. 424].)

The relevancy of the material sought, the reasonableness of the demand, or questions of harassment could well have been inquired into by the superior court. But, a consideration by the trial court of any such objection is far different from the proposition advanced by respondent in contending that under the order to show cause it thereby had the

right to inquire into all questions relating to the exemptions claimed. In other words, to try the entire proceeding in the superior court.

In advocating such a theory, appellant is seeking to have the court, contrary to legislative intent, take unto itself the office of administrative agencies. The only duty of the court at the stage of the proceeding as herein presented, is to assist the agency in the performance of its functions and in the discharge of its responsibilities under the particular statute involved; it is not to usurp such functions so lodged with the agency by legislative enactments.

The sole purpose of this action is to compel the appellant to produce the books and records of the hospital and make them available to the commission in order that a proper determination might be made by that body as to whether or not the appellant had incurred a contribution liability under the act. Reasonable administration of the act requires that the commission have access to such records, and if necessary, invoke the aid of the courts to compel the production and inspection thereof. The effect of appellant's contentions would be "to confer the shadow and withhold the substance of the authority." (*Bartlett-Frazier Co.* v. *Hyde,* 56 F.2d 245.) Surely the Legislature had in mind just such a situation—a complete factual investigation prior to any further proceedings. If at the conclusion of such an examination it was determined by the commission that the corporation was not subject to the act, needless time and expense would have been saved.

If the provisions of the act may be circumvented by the contentions of appellant, the commission, although charged with the duty of administering the statute, would be estopped from carrying out such administrative duties by being subjected to judicial proceedings prior to any determination of fact by the commission, thereby completely destroying its value as an administrative agency. Or, stated another way, for this court to uphold the appellant's contention would be in effect to substitute the superior court for the Employment Commission, which the Legislature specifically declared to be the one agency having exclusive jurisdiction of the administration and enforcement of unemployment insurance in California. The importance of such a question, as stated in *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 286 [109

P.2d 942, 132 A.L.R. 715], "can hardly be overestimated, since a curtailment of administrative jurisdiction usually means an enlargement of the duties of the courts in a field in which the courts traditionally are reluctant to enter."

The courts, in numerous decisions (see *Abelleira* v. *District Court of Appeal, supra*), have long recognized the obvious necessity of keeping such matters with the agency charged with the administration of a particular act and permitting that body initially to decide its myriad problems unhindered, for if it were otherwise, the specialized and technical problems which the Legislature intended to be solved by such agency might so burden the courts with original consideration of such complex questions of fact as to impair seriously the orderly disposition of their normal work.

In brief, the doctrine of exhaustion of administrative remedies is that where an administrative remedy is provided by statute, relief must be sought from the administrative body, and this remedy exhausted before the courts will act. (*Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41 [58 S.Ct. 459, 82 L.Ed. 638].) The rule is not a matter of judicial discretion but is a fundamental rule laid down by courts of last resort and which the California cases have consistently followed. (*Abelleira* v. *District Court of Appeal, supra; Alexander* v. *State Personnel Board*, 22 Cal.2d 198 [137 P.2d 433].)

We are of the opinion that when the Legislature lodged with the Employment Commission the duty and authority to administer the Unemployment Insurance Act, and by such statute specifically imposed a duty upon the commission to do all things reasonably necessary to enforce the provisions thereof, including the power to issue process to compel the attendance of witnesses and the production of records, the imposition of such duties and obligations necessarily implies investigatory powers.

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.