[Civ. No. 14556. Second Dist., Div. Two. Nov. 20, 1944.]

THOMAS E. JACKSON et al., Appellants, v. FRED N. HOWSER, as District Attorney, etc., et al., Respondents.

M. C. Schrager, Saul S. Klein, Morris Lavine and Russell E. Parsons for Appellants.

J. H. O'Connor, County Counsel, and Earl O. Lippold, Deputy County Counsel, for Respondents.

McCOMB, J.—This appeal is from a judgment in favor of respondents dismissing a second amended petition for an alternative writ of mandate by which petitioners sought reinstatement in their positions in the office of the District Attorney of Los Angeles County.

Petitioners state the material allegations of their amended petition for an alternative writ of mandate to be these:

(1) That the positions to which petitioners seek reinstatement are in the civil service of Los Angeles County.

(2) That the petitioners were appointed to their respective positions in conformity with the provisions of the Charter of Los Angeles County and the rules and regulations of the County Civil Service Commission.

(3) That all the petitioners faithfully performed their duties in their respective positions continuously for more than six months.

(4) That the positions held by the petitioners were under the provisions of the rules of the Civil Service Commission—permanent positions.

(5) That the petitioners were not dismissed from their respective positions in the manner provided by the rules of the Civil Service Commission.

(6) That the petitioners were dismissed from their respective positions solely for political reasons and not for any action or conduct of the petitioners related to or germane to the good of the civil service.

■ This is the sole question necessary for us to determine: *Did the second amended petition for an alternative writ of mandate state a cause of action?*

This question must be answered in the negative and is governed by this established rule in California, to wit:

It is a jurisdictional prerequisite to an action for judicial relief that the applicant must first invoke and exhaust administrative remedies provided by the provisions of a statute or charter. (*Alexander* v. *State Personnel Bd.*, 22 Cal. 2d 198, 199 [137 P.2d 433]; *United States* v. *Superior Court*, 19 Cal.2d 189, 194 [120 P.2d 26]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].)

Article IX, section 34, subsection 13 of the Los Angeles County Charter provides as follows:

"For discharge or reduction in rank or compensation after appointment or promotion is complete, only after the person to be discharged or reduced has been presented with reasons for such discharge or reduction. Such reasons shall state the specific grounds and the particular facts upon which the discharge or reduction is based, and the person to be discharged or reduced shall be allowed a reasonable time in which to reply thereto in writing. Both the reasons and the reply must be filed with the Commission, whereupon, if the person to be discharged or reduced shall so request, the Commission shall hold a hearing; and if it finds that the reasons are not suffi-

cient to justify such discharge or reduction, it shall so notify the appointing authority concerned and such notification shall be a bar to any discharge or reduction for the specific reasons which have been presented.''

According to petitioners' own statement on page two of their opening brief, their amended petition alleged that the positions they held were ''permanent positions'' under the provisions of the rules of the Civil Service Commission. Therefore when they were discharged they came under the provisions of article IX, section 34, subsection 7 of the Los Angeles County Charter.

There is not any allegation in the petition as amended showing that petitioners complied with the provisions in article IX, section 34, subsection 13 of the Los Angeles County Charter by filing a written reply with the district attorney and the Civil Service Commission to the charges made against them. Petitioners thereby failed to show a compliance on their part with the provisions of the Los Angeles County Charter and are therefore, under the doctrine of ''exhaustion of administrative remedies,'' precluded from having a writ of mandate issue in the present action.

In view of our conclusions, it is not necessary to discuss other points urged by counsel.

For the foregoing reasons the petition as amended failed to state a cause of action and the trial court properly sustained a demurrer thereto and entered judgment in favor of respondents.

The judgment is affirmed.

Wood (W. J.), J., concurred.

Moore, P. J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied December 15, 1944, and appellants' petition for a hearing by the Supreme Court was denied January 18, 1945. Carter, J., voted for a hearing.