[Civ. No. 12945. First Dist., Div. One. Nov. 26, 1945.]

JAMES G. REARDON, Respondent, v. CITY OF DALY CITY et al., Appellants.

F. E. Hoffmann and J. W. Coleberd for Appellants.

Raymond J. O'Connor, Joseph J. Bullock and Gregory, Hunt, Melvin & Faulkner for Respondent.

WARD, J.—This is an appeal from a judgment of the superior court granting a writ of mandamus to compel appellants, the city of Daly City and the city council thereof, to restore petitioner James G. Reardon to the office of chief of police and to pay him salary from the date of the purported

removal until the date of judgment, less the amount earned by him in that time.

On June 26, 1944, the city council adopted a resolution, number 855, whereby the petitioner was removed from his office as chief of police, the removal to be effective as of the date of the adoption of the resolution. The resolution set forth misconduct in that the chief of police had deliberately told a falsehood to the Police Commission with reference to property which had been confiscated by officers of the department in compliance with United States government regulations requiring seizure of certain property held by aliens at the outbreak of World War II. In addition the resolution related that the chief was unable to present the council with an inventory of alien property seized or confiscated and that such conduct constituted incompetency, inefficiency and a failure to perform duties and to observe rules and regulations.

Petitioner Reardon was present at the meeting when the resolution was adopted and within three days was given a copy of the resolution. About six weeks later the chief filed a petition for a writ of mandate to compel his reinstatement. Among other conclusions of law the superior court found: "That by failure of the City Council of the City of Daly City, a Municipal Corporation, to appoint a Board of Review as provided for under the provisions of Ordinance No. 203, Section 6, and by reason of the failure of the City Council of said City of Daly City to adopt rules and regulations for the administration of the Civil Service System as provided for in Section 5 of said Ordinance No. 203 of the City of Daly City, the City Council of the City of Daly City was and is without power to discharge a civil service employee of said City."

Ordinance 203 designated the chief and members of the police department as holding classified service positions subject to the civil service system. (§ 2.) The ordinance also provided that the council should formulate and adopt rules for the administration of the civil service system consistent with the provisions of the ordinance. (§ 5.) Section 9 of the ordinance provides in part: "All persons holding positions in the Classified Service shall be subject to suspension without pay for a period of not exceeding thirty days, and also to demotion or removal from office or employment for misconduct, incompetency, inefficiency, or failure to perform

duties, or to observe the rules and regulations of the department, office or board, but subject to the right of appeal of the aggrieved party to the board of review in the manner set forth in the rules and regulations. Any such employee shall be entitled to receive a written statement of the reasons for such action within three days and he shall have three days time thereafter to answer in writing thereto. In the event such employee files an answer, a copy of such written charge and of such answer shall be forthwith filed with the personnel clerk. Any employee who has been suspended, demoted or removed from office may, within ten days after filing his answer, or in the event written charges have not been made available to him within the time prescribed, then within ten days after the expiration of the period within which same should have been made available, file a written demand with the personnel clerk requesting that the board of review provided for in the rules and regulations shall review such suspension, demotion or removal, in which event the personnel clerk shall, without delay, file a copy of said reasons and the answer of the employee, together with such other information as may be provided for in the rules and regulations, with said board of review. Said board of review may make, or cause to be made, such investigation as it may deem necessary, and thereafter shall hold a public hearing, at which time it shall hear evidence for and against the party aggrieved. Hearings may be informally conducted and the rules of evidence need not apply. Written conclusions or findings of the board of review shall be rendered within ten days after the matter is submitted, and thereupon be certified to the City Council or official from whose order the appeal was taken. Such findings and conclusions of the board of review may contain such recommendations as said board shall deem warranted. The City Council or the appointing officer may thereupon affirm, revoke, or modify the action taken as in the judgment of such Council or officer shall be deemed warranted."

Section 6 provides: "The City Council shall hear all appeals or complaints acting in the capacity of a board of review or may, in the event the rules and regulations adopted so provide, appoint a board of review to hear all appeals or complaints, with respect to the Classified Service. In the event that such a board is created, upon the conclusion of any such hearing, said board of review shall certify its find-

ings to the City Council and make such recommendations as it may deem warranted. . . . In the event such a board of review is created it shall consist of three members to be appointed by the City Council.''

In analyzing the above noted provision of the ordinance in question, it is the evident intention that a board of review shall hear all appeals or complaints *"in the event that such board is created."* (Italics added.) The creation of such board is not mandatory. If a board of review is appointed, its action is not final. Its findings and conclusions shall be submitted to the council. The council may affirm, revoke or modify. If the board of review is not created then "The City Council shall hear all appeals or complaints in the capacity of a board of review." If the council should act as a board of review then the substantive rules and regulations enumerated in the ordinance as applicable to a board of review are equally applicable to any action of the council sitting as a board of review in reference to proceedings to remove an officer for misconduct. For instance, it would be incumbent upon the council to present a written statement of the reasons for removal within three days and the accused would have three days thereafter to answer in writing. (§ 9.) The trial court presented two reasons why petitioner, Reardon, should be reinstated: (1) failure to appoint a board of review; (2) failure to adopt rules and regulations for the administration of the civil service system. As heretofore demonstrated, the creation of a board of review was not mandatory but optional and the city council was authorized to act as a board of review. Ordinance 203 provides for the adoption of rules in accordance with the provisions therein. The ordinance provides the substantive rules to govern the hearing following a dismissal of a person in the classified service though the council could have adopted additional rules "consistent with the provisions of this ordinance." (Ordinance 203, § 5.) The only rules required, if any, would be mechanical rules of a general nature to put the mandatory public hearing into operation.

The two grounds for dismissal specified in the resolution of June 26, 1944—"failure to perform his duties" and "misconduct of office"—were supported by the specific charges in the resolution that Reardon did not present an inventory of the alien property in his custody when requested, and that he told a falsehood and loaned a 38 caliber Smith &

Wesson revolver, part of the confiscated property. These statements were sufficiently specific to apprise Reardon wherein the council thought he had failed in performing his duties and with what misconduct in office he was charged. The right to dismiss on the enumerated charges (§ 9) was not made to depend on the adoption of rules. If the council was required to prescribe a particular rule to dispose of the charges, then such rule would be essential to the validity of the action taken. (*People* v. *McAleer*, 33 Cal.App. 135 [164 P. 425].) In *Cook* v. *Civil Service Commission*, 160 Cal. 589 [117 P. 662], the court was dealing with examinations and the requirement in the charter that rules be enacted. At page 596 it was said: "The section of the charter requiring the adoption of general rules for examinations, etc., by the commissioners, expressed, not a mandatory, but a directory admonition. There is nothing in the language of the act which makes the adoption of such rules a jurisdictional prerequisite to the holding of examinations by the board. These rules were merely 'to carry out the purposes of this article,' i.e. those relating to civil service. The rules were to be a part of the scheme of testing the fitness of candidates for promotion, but the right to examine candidates was not made to depend upon the adoption of these general rules." This case is controlling here.

If petitioner, Reardon, had followed the rules set forth in ordinance 203 by answering the charging portion of the resolution an issue would have been raised which would have required a "public hearing." Any city council rule could not have been inconsistent with the substantive rules set forth in the ordinance. In the absence of an answer there was nothing further to be decided. It may be that the failure to create a board of review made the city council both the accuser and the board of review, but if that is what the municipality desired, and it so expressed itself in section 6 of the ordinance, the individual opinions of members of courts of review relative to such procedure is of no consequence against the will of a legislative body.

In examining the specific set of facts in this case and applying the rules of procedure outlined in the ordinance, it is evident that an accused is first entitled to receive a written statement within three days after charges of misconduct are filed. The record discloses that the resolution charging Reardon with misconduct was adopted on June 26, 1944, in the

presence of Reardon without comment by him. On or about the 28th day of June Reardon received a copy of the resolution from a member of the council. The ordinance further provides that within three days of the receipt of written charges an answer to them must be filed. If a written statement is not received "within ten days after the expiration of the period within which same should have been made available," the accused could ask a review of the action dismissing him. Reardon neglected to file with any department, board or council a "demand" for a review of the action of dismissal as provided in section 9. If Reardon had requested the city council to review the action, such review could have been conducted by the council sitting as a board of review (§ 6) or by a board of review created at that time. If rules of procedure for that hearing other than the rules appearing in the ordinance were found to be necessary, such rules could have been adopted by the council prior to the public hearing. The first action taken by the removed chief was to file a petition for a writ of mandate to be directed to the municipal corporation, the councilmen thereof, the mayor and the police commissioners of the city of Daly City. The transcript on appeal shows that evidence in relation to the failure to establish rules, other than those contained in ordinance 203 and the failure to appoint a board of review was introduced and passed upon, but the merits of resolution number 855 charging Reardon with misconduct, etc., in office were not adjudicated.

Previous decisions in this and other jurisdictions usually are of no avail in determining the rights of removed officials to reinstatement, due to the particular and sometimes peculiar wording of the controlling statute, charter provisions or ordinance and the rules and regulations adopted to aid in enforcement of such laws. There are several recognized precedents, however, that have been established in this and in the majority of other jurisdictions as a guide to determine such rights. ▉ If the administrative body, such as a local board, has been clothed with quasi-judicial functions (*Greif* v. *Dullea,* 66 Cal.App.2d 986 [153 P.2d 581]), there must be a hearing of the character of an informal trial in accordance with the provisions of the controlling law. (*Steen* v. *Board of Civil Service Commrs.,* 26 Cal.2d 716 [160 P.2d 816]; *Swars* v. *Council of the City of Vallejo,* 64 Cal.App.2d 858 [149 P.2d 397]; *Walker* v. *San Gabriel,* 20 Cal.2d 879

129 P.2d 349, 142 A.L.R. 1383].) ■ In the present proceeding, due process would not require a public hearing or trial unless the accused requested a hearing by filing an answer in which event the ordinance automatically provides for a "public hearing." (§ 9.) ■ The right to a public trial or hearing is a right which is personal to the accused. It is a privilege granted for the benefit of an accused and therefore may be waived. "The trend of modern authority is in favor of the doctrine that a party in a criminal case may waive irregularities and even rights very much the same as in a civil case. Constitutional rights have been held waivable in common with mere irregularities. The instances are very numerous." (8 R.C.L., p. 69, §23; see, also, 7 Cal.Jur., p. 931, § 77; 14 Am.Jur., p. 848, § 119, and p. 950, §269.) In California it has been held that "a party may waive a right created by a statute for his benefit." (*People* v. *Robinson,* 46 Cal. 94; *People* v. *Smink,* 105 Cal. App. 784 [288 P. 873].) ■ The petitioner, Reardon, held no constitutional right to the position of chief of police of the city of Daly City and could waive the privilege of continuing to occupy the office. A person accepts an office subject to conditions placed in the law creating the position, including any provision relative to removal. Ordinance 203 has no provision requiring that upon the filing of charges a member of the police department must stand trial. On the contrary this ordinance makes it optional with the accused. It must be held that Reardon could waive a hearing on the resolution charging him with misconduct and removing him from office.

In addition to Reardon's failure to follow the provisions of the controlling ordinance, another legal principle, the subject of repeated assertions in many decisions in this state, prohibits affirmance of the superior court judgment restoring petitioner to office. ■ Administrative remedies must be exhausted before the judicial assistance of the courts of the state is available. (*Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267 [148 P.2d 645]; *Alexander* v. *State Personnel Board,* 22 Cal.2d 198 [137 P.2d 433]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Stockton* v. *Department of Employment,* 25 Cal.2d 264 [153 P.2d 741]; *United States* v. *Superior Court,* 19 Cal.2d 189 [120 P.2d 26]; *Gantner & Mattern Co.* v. *California E. Com.,* 17 Cal.2d 314 [109 P.2d 932]; *Steen* v. *Board*

*of Civil Service Commrs., supra; Hill* v. *Brisbane,* 66 Cal. App.2d 15 [151 P.2d 578] ; *Jackson* v. *Howser,* 66 Cal.App. 2d 870 [153 P.2d 423].) ▮ Reardon did not exhaust his administrative remedies, in that he waived his right to a hearing before either the city council or a board of review of the city of Daly City. Through this failure to exhaust his administrative remedies he sacrificed his right to a hearing in the superior court of this state on a writ of mandate or certiorari.

The judgment is reversed.

Peters, P. J., and Ogden, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 24, 1946. Carter, J., and Schauer, J., voted for a hearing.