[Civ. No. 38373. Second Dist., Div. One. May 12, 1972.]

EVANGELINE HUBER, Plaintiff and Appellant, v.
RICHARD D. BARGER, as Insurance Commissioner, etc., et al.,
Defendants and Respondents.

**COUNSEL**

George M. Stephenson and Frank W. Masse for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and David W. Halpin, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**LILLIE, Acting P. J.**—Evangeline Huber appeals from judgment denying petition for writ of mandamus to set aside order of the Department of Insurance revoking her license to act as a bail agent.

By accusation filed by respondent on February 11, 1970, appellant was charged with a violation of section 1724.5, Insurance Code, in that she was doing business under two fictitious firm names disapproved in writing by respondent commissioner. After a hearing thereon the hearing officer rendered a proposed decision favorable to appellant, but respondent rejected the same, decided the case on the record, issued its decision that appellant violated section 1724.5, Insurance Code, and ordered her license be revoked effective November 30, 1970. After denial of petition for reconsideration appellant filed petition for writ of mandamus in the superior court.

Since 1954 appellant has been licensed to act as a bail agent and since 1966 under the fictitious name Allied Associated Bail-By-Phone Agencies, approved by respondent. On July 3, 1968, she advised respondent commissioner that she was doing business as A Aallied Associated Bail-By-Phone Agencies, was continuing to operate her husband's bail bond business known as A Aall Areas Associated Telephone Agencies[1] upon termination

---

[1]Mrs. Huber's husband was licensed to do and was doing business only under the fictitious name of All Areas Associated Telephone Agencies.

of his license and desired to continue to operate under the two names; and requested respondent to reserve the two names for her and notify her of his approval. On July 11, 1968, respondent by letter advised her of the requirements of section 1724.5, Insurance Code; that according to their records Mr. Huber registered the fictitious name "All Areas Associated Telephone Bail Agencies" and if he informs him (respondent) he has relinquished his business to her that he (respondent) may approve the name All Areas Associated Telephone Bail Agencies for her use after she makes the required filing with the county clerk's office; that their records show she is authorized to use Allied Associated Bail-By-Phone Agencies, but the name A Aallied Associated Bail-By-Phone Agencies has been neither requested nor approved.

By letter dated September 23, 1968, appellant advised respondent commissioner that Huber had been instructed to advise him directly that he has relinquished his business to her; and requested that the names A Aall Areas Associated Telephone Agencies and A Aallied Associated Bail-By-Phone Bail Agencies be reserved and approved for her use. On October 17, 1968, respondent in writing advised appellant that she is authorized to use the name Allied Associated Bail-By-Phone Agencies; that A Aallied Associated Bail-By-Phone Agencies has neither been requested nor approved; that if Huber abandoned the name All Areas Associated Telephone Bail Agencies and she filed for it he would approve the name for her use; that Huber has filed an abandonment of said name but she has not filed for it and instead has filed for A Aall Areas Associated Telephone Agencies and A Aallied Associated Bail-By-Phone Agencies neither of which names is approved; and "In our opinion, the use of multiple As has reached the saturation point and any additional approval would be an interference with and too nearly similar to names already filed and in use by other licensees."

On December 19, 1968, appellant for a third time renewed her request of respondent commissioner that the names A Aall Areas Associated Telephone Agencies and A Aallied Associated Bail-By-Phone Bail Agencies be approved; and on February 26, 1969, again requested respondent to reconsider his position set forth in his October 17, 1968, letter. However, by letter dated March 6, 1969, respondent again advised appellant that the fictitious names requested by her, A Aall Areas Associated Telephone Agencies and A Aallied Associated Bail-By-Phone Bail Agencies, "are disapproved as we originally informed you in our letter of October 17, 1968," the only fictitious name approved for use by her is Allied Associated Bail-By-Phone Agencies, and they [respondents] have no record of any

filing having been made for the name abandoned by Huber (All Areas Associated Telephone Bail Agencies); and cited instances of her use of the disapproved names in display advertising warning her that "the flagrant disregard by [her] of the provisions of California Insurance Code section 1724.5 . . . [is ground] for the institution of disciplinary action against the license which she holds." The next day (March 7) respondent by letter again warned appellant that she has listings of A Aall Areas Associated Telephone Agencies and A Aallied Associated Bail-By-Phone Agencies, names not approved, in the Yellow Pages, San Pedro Area, and in the Los Angeles Yellow Pages, all of which constitutes cause for revocation.

Appellant nevertheless continued the use in her bail business of the two above described fictitious names disapproved by respondent, and published said names in the 1969 South Bay Telephone Directory; she also uses the name "A Aall Areas Associated Bail" on the front window of her business office in San Pedro. In June 1969 she entered display advertising under the two names expressly disapproved, in the telephone book and in October 1969 the directory was published and said advertising appeared therein.

Appellant in her opening brief concedes that the fictitious names, A Aallied Associated Bail-By-Phone Agencies and A Aall Areas Associated Telephone Agencies, were disapproved for her use by respondent; and the reporter's transcript of the administrative hearing establishes that after being notified in writing by respondent that said names were disapproved for her use, advised that listings of said names were made by her and warned that their continued use is contrary to section 1724.5, Insurance Code, appellant continued to use the names A Aallied Associated Bail-By-Phone Agencies and A Aall Areas Associated Telephone Agencies in her bail bond business. That she knew the fictitious names had been expressly disapproved for her use by respondent is amply demonstrated by the lengthly correspondence between them. The evidence is clear that appellant used the names in violation of section 1724.5, Insurance Code.[2]

By challenging the propriety of respondent's act disapproving the two fictitious names on the ground that there was no factual basis for the disapproval thus the same is void, appellant launches a collateral attack thereon in this proceeding. The thrust of her argument is that respondent's improper determination of disapproval of the two fictitious names is a defense in a disciplinary proceeding. On the other hand, respondent con-

[2]Section 1724.5, Insurance Code, provides in pertinent part: ". . . A licensee may not use a true or fictitious name after being notified by the commissioner in writing that such use is contrary to this section."

tends, and properly so, that the question of propriety of the disapproval of the multiple A listings (A Aall Areas Associated Telephone Agencies and A Aallied Associated Bail-By-Phone Agencies) is not before us. What is before this court is a disciplinary proceeding and a departmental disciplinary record based upon appellant's use of the two names expressly disapproved by respondent. We conclude on the state of this administrative record that because she has failed to exhaust her administrative remedies in the matter of respondent's disapproval of the multiple A listings, appellant could not now seek a direct judicial review thereof; and that for the same reason she is not entitled to such judicial review in this proceeding disciplinary in nature instituted because of her continued use of said fictitious names after being notified by respondent in writing that such use is contrary to section 1724.5, Insurance Code.

Upon being advised in writing of respondent's disapproval of the multiple A listings on October 17, 1968, and again on March 6 and 7, 1969, and warned of the penalty of unauthorized use of the two names, appellant, instead of pursuing her administrative remedies by asking for an administrative hearing on the matter, chose to defy[3] respondent's written notice of disapproval of the two names and warning and continued to enjoy the benefit of the use of the unauthorized names in the operation of her bail bond business. This constituted the violation for which her license was revoked. Appellant had ample opportunity to exhaust her administrative remedies by requesting a departmental hearing, then had the names been administratively disapproved she would have been entitled to obtain judicial review in the superior court (§ 12940, Ins. Code). Through her failure to exhaust her administrative remedies and obtain the agency's final determination on the merits, appellant waived her right to a hearing in the superior court on respondent's disapproval of the multiple A listings. (*Reardon* v. *City of Daly City,* 71 Cal.App.2d 759, 767 [163 P.2d 462]; *Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267, 269 [148 P.2d 645].) Thus appellant could not now by judicial review be heard on a direct challenge to the propriety of respondent's disapproval of the two names, nor

[3]On the hearing in the superior court, appellant's counsel likened her situation to a "sit-in" in which the law is violated and the validity thereof later challenged. He said, "Your Honor, there is in this age and time a multiplicity of situations such as this where someone in a sit-in or in other areas challenges a ruling or a law and says: 'Bring your action, and we'll take you on in your own forum.' This was precisely what was done. And the only objection, the only true objection could be procedural. . . . And it would seem that you are now penalizing us for a choice of remedies, when it is obvious—" The court replied: "You are being penalized for using a name which was not authorized, which is a violation of a specific section of the Civil Code [*sic*]."

under the within circumstances can she be heard to collaterally attack respondent's disapproval in this proceeding.

The judgment is affirmed.

Thompson, J., and Clark, J., concurred.

A petition for a rehearing was denied June 7, 1972.