[Civ. No. 7327. First Appellate District, Division Two.—April 6, 1931.]

THOMAS P. McGINN, Appellant, v. BOARD OF HEALTH OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

George G. Olshausen for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

SPENCE, J.—Petitioner sought a writ of mandate to compel respondents to restore him to his position as watchman at the city and county hospital of San Francisco and to compel the payment of his salary as such watchman since the time of his discharge in 1924. Upon the trial the petition was denied and judgment entered in favor of respondents from which judgment petitioner appeals.

Appellant was a civil service watchman. On July 23, 1924, appellant was suspended from his position and on July, 25, 1924, the health officer filed charges of insubordination against him with the Department of Public Health. A hearing was had on these charges on September 11, 1924, and appellant was ordered discharged. This hearing was not attended by appellant. Subsequently he appealed to the civil service commission and on January 12, 1925, after a hearing, that commission passed a resolution sustaining the action of the Department of Public Health. On September 10, 1927, appellant filed his petition for a writ of mandate and on September 12, 1927, he filed an amended petition. By his amended petition appellant attacked the validity of the proceedings before the Department of Public Health, the main points urged being that jurisdiction was never acquired and that the evidence was insufficient to sustain the charge of insubordination. The answer denied the material allegations of the amended petition and set up the defenses of the statute of limitations and laches. The

trial court found against petitioner on practically all of the material issues.

Upon this appeal similar attack is made by appellant upon the proceedings before the Department of Public Health and upon the findings and conclusions of the trial court with respect thereto. █ It is contended that the "complaint" (before the Department of Public Health) is defective because it was not verified. Article 13, section 12 of the charter provides: "No person employed in the classified civil service shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense." There is nothing in the charter requiring that the written charges be verified and we find no merit in this contention. █ It is further contended that the department did not acquire jurisdiction as the written charges were not *personally* served on appellant and that the findings relating to service are not supported by the evidence. It is a sufficient answer to point out that the secretary of the Department of Public Health testified that he personally served appellant with a copy of the written charges on August 4, 1924. This was denied by appellant but without regard to this testimony we believe that this contention likewise is devoid of merit. Appellant admitted on the trial that he received a copy of the charges and notice of the trial through the mail. His evasive testimony on this subject was as follows: "A. I never received it at all; it was under my door. My landlady put it under the door. A little girl received them and put them under the door, and when I got there I got it that way through the mail. Q. Anyway, you got it? A. Through the mail; I never got it personally." Counsel for appellant thereupon said, "We will stipulate he got it through the mails." Further illustrating the frivolous nature of this claim, it appears that two continuances were granted to appellant upon his written request and that he was then advised that no further continuances would be granted.

█ The charter is silent regarding service of the written charges and notice of time of hearing. Under these circumstances the employee is entitled to reasonable notice (43 C. J. 835), but *personal* service, in the strict sense of the word, is not required. (*State* v. *Barnell,* 109 Ohio St. 246 [142 N. E. 611].) The admitted receipt by mail of a copy

of the written charges and the notice of the hearing fully satisfied the implied requirements of the charter regarding service and notice. ■ Upon appellant's failure to appear respondents proceeded to hear evidence in support of the charges. This was proper. The charter does not provide that the employee must be actually heard. It only requires that he be given "an opportunity to be heard". This opportunity was afforded to appellant on three occasions of which he had notice but he failed to appear and avail himself of it. In our opinion the procedure expressly and impliedly outlined by the charter was in all respects substantially followed.

■ It is further contended that the evidence was insufficient to sustain the charge of insubordination. We believe it is unnecessary for us to review the proceedings to determine this question. The charter gives the employee a right of appeal to the civil service commission. It then provides: "The order or decision of the civil service commission upon such appeal shall be final and shall forthwith be enforced by the appointing officer." The appellant took such an appeal and the decision of the commission sustained the discharge. Under the above provision of the charter, where the procedure outlined has been substantially followed, such decision is final regardless of any defect or deficiencies in the evidence and is placed beyond review by the courts. (*Boyd* v. *Pendegast*, 57 Cal. App. 504 [207 Pac. 313], cited in *Garvin* v. *Chambers*, 195 Cal. 212, 221, 229, 232, 234 [232 Pac. 696].) It may be added, however, that a review of the evidence ·produced shows that the charge of insubordination was amply sustained.

As we find no merit in any of the contentions of appellant, it is unnecessary to consider the other points urged by respondent in support of the judgment.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 6, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1931.