[L. A. No. 17904. In Bank. Sept. 29, 1942.]

ROSANNA BILA, Respondent, v. ARCHIBALD B. YOUNG et al., Appellants.

Earl Warren, Attorney General, L. G. Campbell, Deputy Attorney General, and Clarence A. Linn for Appellants.

Joseph K. Coady and Henry K. Elder for Respondent.

GIBSON, C. J.—In this mandamus proceeding, petitioner sought to compel the respondent Social Welfare Board, and its individual members, to make an award of old age security payments in the sum of $40 a month. Pursuant to the provisions of the Welfare and Institutions Code (Stats. 1937, ch. 369, as amended), petitioner made application in March, 1939, to the Board of Supervisors of Los Angeles County for monthly old age security payments. After extensive investigation on the part of the board this application was denied in October, 1939. Thereafter, as provided in Welf. & Inst. Code, § 2182, an appeal was taken from the decision of the board of supervisors to the respondent board. The appeal was dismissed after a hearing thereon as provided by statute and the present action was then instituted.

The Social Welfare Board (hereafter called the Board) demurred to the first amended petition for a writ of mandate. After further amendment, the demurrer was overruled and an answer was filed. The evidence presented consisted of the

transcript of proceedings before the Board. Thereafter judgment was rendered in favor of petitioner, and the Board brought this appeal upon a bill of exceptions in which the specifications of error challenged the court's power to review the Board's action and the sufficiency of the evidence to support the judgment.

Insofar as respondent's first specification of error is concerned, we think the trial court was clearly correct in holding that the petition states a cause of action entitling the court to examine the action of the Board. Under the allegations of the petition a question of law is presented as to whether the Board properly interpreted the provisions of the statute under which it operates. Thus, it is alleged that the Board acted arbitrarily and capriciously in that it "made the granting of old age security to your petitioner contingent upon your petitioner securing a life estate in certain property of which she was not the owner; that such a contingency was not then and is not now a requirement for the securing of old age security under the Social Welfare Act." Where the action of an administrative board involves construction of the statute under which it functions, a question of law is presented which may be reviewed upon mandate under the procedure existing in this state. (*Sweesy* v. *Los Angeles etc. Retirement Board,* 17 Cal. (2d) 356 [110 P. (2d) 37]; *Dillard* v. *City of Los Angeles, ante,* p. 599 [127 P. (2d) 917]; *cf. Dillon* v. *Board of Pension Commrs.,* 18 Cal. (2d) 427 [116 P. (2d) 37, 136 A. L. R. 800]; *Bowman* v. *Los Angeles City Board of Education,* 46 Cal. App. (2d) 319 [115 P. (2d) 906]; *Simmons* v. *Board of Police etc., Commrs.,* 48 Cal. App. (2d) 682 [121 P. (2d) 39].) Under the allegations of this petition, therefore, a cause of action was stated and the court was entitled to examine the petitioner's contention that the Board erroneously interpreted the provisions of the statute.

Under the allegations of the petition and the evidence produced, it seems clear that the Board misconstrued the provisions of the statute. The order of which petitioner complains resulted from the Board's doubts concerning a transfer of Los Angeles real property assessed at $550 from petitioner to her brother. The property was the petitioner's home, and the transfer occurred after her application for old age payments had been denied by the board of supervisors. At the original hearing before the Board this transfer of real property was questioned, as was the transfer of $1,000

to the same brother in 1938, several months prior to the application for old age payments. The ground for the Board's doubt is found in sec. 2160 of the Welf. & Inst. Code, which provides that aid shall be granted to any person who meets the conditions specified and "(g) Who has not made any voluntary assignment or transfer of property for the purpose of qualifying for such aid." Sec. 2163 of the Code states: "No aid under this chapter shall be granted or paid to any person who owns personal property the value of which exceeds five hundred dollars." Sec. 2164 provides: "No aid under this chapter shall be granted or paid to any person who owns real property the assessed value of which, as assessed by the county assessor, exceeds three thousand dollars at the time such person makes application for aid." Petitioner claimed that the transfer of the $1,000, which was received from an earlier sale of Colorado property, and the transfer of the Los Angeles property were made in consideration of prior debts which she owed to her brother. The Board was dissatisfied with the evidence of petitioner's debt to her brother and continued the hearing for further information. It was stated by the chairman and the members of the Board at that time, however, that an attempt should be made to secure a reconveyance to petitioner of a life estate in the Los Angeles property in order to clear any suspicion that the transfer was made to qualify her for aid. At the final hearing on the matter the Board was informed that the brother declined to reconvey a life estate in the Los Angeles property. Thereupon a motion was made and carried that petitioner's appeal be denied.

The final denial of petitioner's appeal resulted, it is clear, from the Board's conclusion that the transfer of the Los Angeles real property was made to qualify petitioner for old age payments and from the refusal of petitioner's brother to comply with the Board's request for re-conveyance. The Board's position in interpreting Welf. & Inst. Code, § 2160 (g), as indicated in this case, is that a conveyance of real property for an inadequate consideration disqualifies an applicant even though the value of the property is less than the statutory maximum permitted, but that any re-acquisition of a life interest in the property would operate to remove the disqualification. ■ This position is expressed formally in the rules adopted by the Board of which we may take notice. ■ Rule 135-00 provides in part: "A transfer or assignment of real property by an applicant . . . without receipt of

adequate consideration . . . may render him ineligible for aid, even though the value of the property does not exceed the maximum set by law." Rule 135-80 provides, however, that a transfer of real property with a reservation of a full life estate will not be interpreted as a voluntary transfer for the purpose of qualifying for aid, and Rule 136-30 states that, despite a prohibited transfer, the county "may grant . . . aid if the applicant . . . is otherwise eligible, provided the property is reconveyed, and adequate consideration is received, or the full privileges of a life estate are secured."

We think that the Board's order in this case, based upon its interpretation of Welf. & Inst. Code, § 2160 (g), resulted from an error in construing the statute. The question of the Board's power to grant aid where the property is re-acquired, despite a voluntary transfer in violation of the statute, need not be determined at this time since no order granting aid under such circumstances is involved here. Nor need we be concerned about the transfer of $1,000 to petitioner's brother some months prior to her application for aid because, although the Board considered that factor at some length at the first hearing, its order entered at the final hearing was based solely upon its conclusion with respect to the Los Angeles real property. The conveyance of that property which concededly was assessed at less than $3,000 constituted, in the Board's mind, a transfer for the purpose of qualifying for aid. But under Welf. & Inst. Code, § 2164, ownership of real property does not disqualify a person unless the assessed value of the real property amounts to $3,000. If ownership of this particular property could not have disqualified petitioner from receiving aid, there is no ground under the statute for concluding that a transfer of the property was made in order to qualify petitioner for aid. In other words, the Board's conclusion, embodied in Rule 135-00, that a transfer for an inadequate consideration will "render . . . (an applicant) . . . ineligible for aid, even though the value of the property does not exceed the maximum set by law" does not constitute a proper interpretation of the statute under which it functions. The Board's order, having resulted from a misconstruction of the statute, must be held to be erroneous.

The judgment entered by the trial court, however, instructing the Board to make payments in the sum of $40 a month from the date of petitioner's first application is incorrect. Since the administration of this statute is conferred upon local boards of supervisors and the respondent Social

Welfare Board, the trial court had no power to determine the amount of payments or the date at which such payments should be made. The judgment is therefore reversed with directions to the trial court to issue a peremptory writ of mandate directing the respondent Board to determine petitioner's right to old age security payments in accord with the principles set forth herein. Each side is to bear its costs upon this appeal.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.