[L. A. No. 19040.   In Bank.   Oct. 1, 1945.]

ZERAH H. LA PRADE, Respondent, v. DEPARTMENT OF WATER AND POWER OF THE CITY OF LOS ANGELES et al., Appellants.

48

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, and G. Ellsworth Meyer, Deputy City Attorney, for Appellants.

David Sokol for Respondent.

A. L. Wirin, Arthur Garfield Hays and Osmond K. Fraenkel as Amici Curiae on behalf of Respondent.

CARTER, J.—Petitioner Zerah La Prade was successful in the trial court in a proceeding in mandamus to compel his reinstatement as a civil service employee of the Department of Water and Power of the City of Los Angeles, hereinafter referred to as the department.

Petitioner had attained civil service status as an employee in the department. On August 28, 1942, the department served upon petitioner and filed with the Board of Civil Service Commissioners of the city, hereinafter referred to as the board, a notice of discharge, pursuant to section 112 of the Los Angeles City Charter. The grounds for the discharge consisted of an accusation that petitioner had published and caused to be published in The Civil Service Sentry, a publication of the Municipal Civil Service Association, distorted and misleading statements concerning the department which caused dissatisfaction and dissension among the employees. On the same day, in reply to the notice of discharge, petitioner delivered to the board a letter in which he "categorically" denied all of the charges and requested the right to appear personally before the board. On September 1, 1942, he delivered another letter to the board, supplementing the letter of August 28th, demanding an investigation of the charges. On September 10, 1942, the board sent to petitioner a notice that his "appeal from discharge" with report and recommendation for action of the manager of the board would be submitted at a meeting of the board on September 15, 1942. That time was postponed to September 16, 1942. At that meeting, according to the findings of the trial court, "petitioner appeared and the matter of his discharge being called up, petitioner was asked by the Board if he wished to make a statement, to which he replied that on advice of counsel he would make no statement other than his denials in his two letters until an investigation was made as requested. Thereupon the Board voted to take the matter of discharge under advisement along with report of investigation then on file and next hereinafter set forth in substance." It further appears that when the department's representatives present at the meeting were asked what they had to offer, they stood mute. The report of the investigation by a representative of the board was filed with the board on September 1, 1942, but from all that ap-

pears in the record *it was never introduced in evidence nor was a copy exhibited to petitioner at the meeting on September 16th.* The report was introduced in the court below and had attached to it a copy of the publication above-mentioned, and stated according to the court's findings, that it "did not appear over Mr. La Prade's name as alleged, and in which he (the investigator) recommended that the charges filed did not constitute a proper and sufficient cause for discharge and that the Board order restoration of petitioner to his position." On September 18th, petitioner made written demand for reinstatement. On September 22d, at a meeting of which petitioner had no notice, consideration of petitioner's discharge "together with the report of investigation of September 1st, was taken up and, according to the minutes kept and recorded of such meeting, a motion was made, seconded and unanimously carried to sustain the discharge of petitioner by the Board of Water and Power Commissioners." At a meeting of the board on September 25th the board added an amendment to their minutes of September 22d and on September 28th sent to petitioner a notice that the matter of his discharge had been considered on September 22d and the discharge was sustained. From the foregoing proceedings it is obvious that *there was no evidence whatsoever introduced at any meeting of the board to substantiate the charges made against petitioner,* unless it be said that the report of the investigator was introduced at the meeting on September 22d. *But petitioner was not notified of or present at that meeting.* Assuming that the report was proper evidence (it should be said that it could not sustain the charges because it found that petitioner was not responsible for the publication), it was on file with the board before the meeting on September 16th, but it was not introduced in evidence at that time. Petitioner was wholly justified in refusing to make any statement at the September 16th meeting inasmuch as the burden was on the department to establish cause for the discharge and until some showing had been made, petitioner was not required to proceed. (This proposition will be discussed later herein.) With the foregoing factual background we turn to the law applicable thereto.

The Los Angeles City Charter provides that no civil service employee may be discharged except for cause. (Los Angeles City Charter, § 112(a).) Under that provision the employee must be accorded a full and formal hearing. (*Steen*

v. *Board of Civil Service Commrs.*, 26 Cal.2d 716 [160 P.2d 816].) ▆ If the board finds that the charges are not sustained it must so conclude. (*Steen* v. *Board of Civil Service Commrs., supra.*) ▆ In any proceeding of this character evidence must be adduced to sustain the charges. It is not incumbent on the employee to proceed. The burden does not rest upon him to refute the charges made. ▆ If no evidence is adduced sustaining the discharge the board must find that the discharge was not justified. (*See Walker* v. *City of San Gabriel*, 20 Cal.2d 879 [129 P.2d 349, 142 A.L.R. 1383]; *Swars* v. *Council of the City of Vallejo*, 64 Cal.App.2d 858 [149 P.2d 397]; *Abrams* v. *Daugherty*, 60 Cal.App. 297 [212 P. 942]; *Garvin* v. *Chambers*, 195 Cal. 212 [232 P. 696]; *Childress* v. *Peterson*, 18 Cal.2d 636 [117 P.2d 336]; *McDonough* v. *Goodcell*, 13 Cal.2d 741 [91 P.2d 1035, 123 A.L.R. 1205]; *Petersen* v. *Civil Service Board*, 67 Cal.App. 70, 79 [227 P. 238].) Thus, it is said in *Swars* v. *Council of the City of Vallejo, supra*, 864, where the issue was the removal of a civil service employee:

· "And if, as alleged by petitioner, there was no evidence adduced before that commission to support the charges against him, the commission lacked jurisdiction. . . . Furthermore, the burden was on respondents to show that the commission did have jurisdiction . . . and no presumptions can be indulged in favor of the orders of the commission as an inferior tribunal." And in *Walker* v. *City of San Gabriel, supra*, 881, where the council had revoked petitioner's license:

"It is well settled that a board commits an abuse of discretion when it revokes a license to conduct a legitimate business without competent evidence establishing just cause for revocation, and that hearsay evidence alone is insufficient to support the revocation of such a license." In the instant case no evidence of any kind was introduced before the board. The board must have, as before seen, and as indicated by its minutes, based its determination on the report of its investigator. The question then arises, aside from the question of the sufficiency of that evidence, whether petitioner was accorded the hearing to which he was entitled. (See *Steen* v. *Board of Civil Service Commrs., supra.*)

▆ Administrative tribunals exercising quasi judicial powers which are required to make a determination after a hearing cannot act on their own information. Nothing may be treated as evidence which has not been introduced as such,

inasmuch as a hearing requires that the party be apprised of the evidence against him in order that he may refute, test and explain it. (*Interstate Commerce Com.* v. *Louisville & Nashville R. R. Co.*, 227 U.S. 88 [33 S.Ct. 185, 57 L.Ed. 431]; *Morgan* v. *United States*, 298 U.S. 468 [56 S.Ct. 906, 80 L.Ed. 1288]; *United States* v. *Abilene & So. Ry. Co.*, 265 U.S. 274 [44 S.Ct. 565, 68 L.Ed. 1016]; *Baltimore & O. R. Co.* v. *United States (Chicago Junction Case)*, 264 U.S. 258 [44 S.Ct. 317, 68 L.Ed. 667]; *Crowell* v. *Benson*, 285 U.S. 22 [52 S.Ct. 285, 76 L.Ed. 598]; *Carstens* v. *Pillsbury*, 172 Cal. 572 [158 P. 218]; *Cowell L. & C. Co.* v. *Industrial Acc. Com.*, 211 Cal. 154 [294 P. 703, 72 A.L.R. 1118]; *Bandini Estate Co.* v. *Los Angeles County*, 28 Cal.App.2d 224 [82 P.2d 185]; *Olive Proration etc. Com.* v. *Agricultural etc. Com.*, 17 Cal.2d 204, 210 [109 P.2d 918].) ■ And the action of such a tribunal based upon the report of an investigator, assuming it is competent evidence (see *Walker* v. *City of San Gabriel, supra*), when forming the basis for the tribunal's determination, is a denial of a hearing, unless it is introduced into evidence and the accused is given an opportunity to cross-examine the maker thereof and refute it. (*Ekern* v. *McGovern*, 154 Wis. 157 [142 N.W. 595, 46 L.R.A.N.S. 796]; see case cited *supra.*) For illustration it is said in *Morgan* v. *United States, supra,* 479:

"Congress has required the Secretary to determine, as a condition of his action, that the existing rates are or will be 'unjust, unreasonable, or discriminatory'. If and when he so finds, he may 'determine and prescribe' what shall be the just and reasonable rate, or the maximum or minimum rate, thereafter to be charged. That duty is widely different from ordinary executive action. It is a duty which carries with it *fundamental procedural requirements.* There must be a full hearing. There must be evidence adequate to support pertinent and necessary findings of fact. *Nothing can be treated as evidence which is not introduced as such. United States* v. *Abilene & So. Ry. Co., supra.* Facts and circumstances which ought to be considered must not be excluded. Facts and circumstances must not be considered which should not legally influence the conclusion. Findings based on the evidence must embrace the basic facts which are needed to sustain the order." (Emphasis added.) ■ Therefore, it must be concluded that in the instant case petitioner was denied a hearing. The board's determination was based upon the re-

port of their investigation which although on file with the board was not introduced in evidence at the September 16th meeting. If it was introduced at the September 22d meeting the result is the same inasmuch as petitioner was not present and had no notice of the meeting. (*Olive Proration etc. Com. v. Agricultural etc. Com.*, 17 Cal.2d 204 [109 P.2d 918].) It has squarely been held that papers in the files of the administrative tribunal but not introduced into evidence may not be considered. (*United States* v. *Abilene & So. Ry. Co., supra.*)

There is, therefore, no escape from the conclusion that petitioner in the instant case was denied a hearing. The question remains, however, as to the proper disposition of the case. ■ Where a local administrative tribunal exercises quasi judicial powers its action may be reviewed by either mandamus or certiorari. (*Walker* v. *City of San Gabriel, supra; Brant* v. *Retirement Board of S. F.*, 57 Cal.App.2d 721 [135 P.2d 396]; *Swars* v. *Council of the City of Vallejo, supra; Ware* v. *Retirement Board*, 65 Cal.App.2d 781 [151 P.2d 549].) ■ And in such a review the chief issues are whether the person affected has been accorded a hearing, and, if so, whether there is any evidence to support its determination. (*Walker* v. *City of San Gabriel*, 20 Cal.2d 879 [129 P. 2d 349, 142 P.2d 1383]; *Swars* v. *Council of the City of Vallejo, supra;* cases cited, *supra.*) In the review proceedings the court should confine itself to the showing made before the administrative tribunal with regard to the sufficiency of the evidence. (See *Swars* v. *City Council of the City of Vallejo, supra; Universal Cons. Oil Co.* v. *Byram*, 25 Cal.2d 353 [153 P.2d 746].) ■ The board is vested with the power to make the determination of whether or not there is a basis for the discharge. (See Los Angeles Charter, § 112; *Swars* v. *City Council of the City of Vallejo, supra; Ware* v. *Retirement Board, supra; Steen* v. *Board of Civil Service Commrs., supra; Universal Cons. Oil Co.* v. *Byram, supra.*) If a hearing has been denied or the evidence is insufficient to sustain the action of the board, and it is still possible for the board to hold a hearing or exercise its discretion, then the matter should be remanded to the board for further consideration rather than having a trial de novo in the superior court and requiring that court to exercise independent judgment on the facts which should be determined by the board. (*Universal Cons. Oil Co.* v. *Byram, supra; Bila* v. *Young*, 20 Cal.

2d 865 [129 P.2d 364]; *Ware* v. *Retirement Board, supra.*) Hence, the judgment ordering reinstatement of petitioner should be modified by directing the board to accord petitioner a full and fair hearing, and it is so ordered.

In view of the disposition which we have made of this case it becomes unnecessary for us to pass upon the question of the sufficiency of the charge against petitioner, and determine whether it is sufficient, if true, to constitute a basis for the discharge of petitioner from his position with the Department of Water and Power of the City of Los Angeles.

Respondent to recover costs on this appeal.

Gibson, C. J., Traynor, J., and Schauer, J., concurred.

SHENK, J.—I dissent. In my opinion the decision of the majority is contrary to the fundamental law of the city of Los Angeles, as set forth in section 112(a) of the city charter. That section prescribes the procedure on the discharge of a civil service employee. It provides that cause for removal "shall be stated in writing by the board or officer having the power to make such removal, discharge or suspension, and filed with the Board of Civil Service Commissioners, with certification that a copy of such statement has been served upon the person so removed, discharged, or suspended, personally, or by leaving a copy thereof at his last known place of residence if he cannot be found. Upon such filing such removal, discharge or suspension shall take effect. Within fifteen days after such statement shall have been filed, the said board, upon its own motion, may, or upon written application of the person so removed, discharged or suspended, filed with said board within five days after service upon him of such statement, shall proceed to investigate the grounds for such removal, discharge or suspension. If after such investigation said board finds, in writing, that the grounds stated for such removal, discharge or suspension were insufficient or were not sustained, and also finds in writing that the person removed, discharged or suspended is a fit and suitable person to fill the position from which he was removed, discharged or suspended, said board shall order said person so removed, discharged or suspended to be reinstated or restored to duty. The order of said board with respect to such removal, discharge or suspension shall be forthwith certified to

the appointing board or officer, and shall be *final and conclusive; . . .*'' All that was required was an adherence to the law which the electors of the city under the authority of the Constitution have adopted for their own government.  There is nothing constitutionally wrong with the charter provision. It is binding alike on the municipal boards, the employees of the city and the courts.  Any change is a matter of municipal and not judicial concern.

The charter provisions as written were observed in this case. If it be assumed that by implication they required a hearing, as distinguished from an investigation, it cannot be doubted that the petitioner was granted a hearing.  But he was content to rest the matter upon the issue that the charges did not constitute sufficient ground for removal.  The notice served on him specified the following charges:

''Published and distributed or caused to be published and distributed over his own name and title in the 'Official Organ of the Municipal Civil Service Association' entitled 'The Civil Service Sentry', dated August 15, 1942, distorted and misleading statements concerning the Board of Water and Power Commissioners and the General Managers of the Department of Water and Power.

''Such published statements cause or tend to cause dissatisfaction and dissension among employees of the Department of Water and Power concerning their wages and working conditions, create or tend to create distrust of the Board of Water and Power Commissioners and the General Managers of the Department of Water and Power, and incite or tend to incite employees of the Department to action against the Department of Water and Power.

''As president of such association he has permitted, participated in, approved, and encouraged the publication and distribution of the issue of 'The Civil Service Sentry' above referred to, which issue contains:

''1. A statement which by innuendo refers to the Board and the General Managers as follows: 'Figures can't lie but liars can figure'.

''2. Statements which further cause or tend to cause dissatisfaction and dissension among employees of the Department of Water and Power concerning their wages and working conditions, create or tend to create distrust of the Board of Water and Power Commissioners and the General Managers of the Department of Water and Power, and incite or tend to incite

employees of the Department to action against the Department of Water and Power.''

The petitioner filed with the commission a communication in writing containing a ''categorical denial'' of the causes stated in the notice ''as a basis for proper discharge,'' and requested that he be permitted to make a personal appearance in order that each member of the commission might have personal knowledge of his deportment and attitude. At the hearing on September 16th he presented himself, heard the charges read and when, in compliance with his desire to furnish evidence of his attitude and deportment, he was asked what he had to offer he refused ''on advice of counsel'' to do anything but rest on his previous denial.

At the time of that hearing the commission had before it the report of its staff investigator to which was attached a copy of the August 15, 1942, issue of The Civil Service Sentry, which contained a ''NOTICE'' addressed to ''FELLOW WORKERS,'' with the petitioner's name subscribed as ''President,'' followed by an unsubscribed article. The subscribed ''NOTICE'' read:

''This issue of the Sentry is dedicated to the wage and salary problems of employees of the Department of Water and Power.

''These problems in this Department are different from those in other City Departments because salaries in most government employment are fixed by elected representatives of the people whose power to negotiate, mediate and arbitrate salary matters are strictly limited.

''The Department of Water and Power is not hamstrung by such limitations. It is a revenue producing agency. It is rolling in profit from war industries. If it does not choose to deal with employees in an open, realistic and fair manner on the wage question, there ARE remedies.

''For months the Board of Water and Power Commissioners has politely referred all wage adjustments to the General Managers, and then maintained the Board had no proposal before it on which it could act:

''Employees do not have to continue to put up with this kind of treatment. Employees can exercise their rights.

''The mass meeting Thursday night has been called at the request of our members who are tired of the dilatory way in which their requests for a blanket wage increase have been treated.''

Immediately following the "NOTICE" was the unsubscribed article which was entitled "FIGURES CAN'T LIE, BUT LIARS CAN FIGURE." A continuation thereof on another page was entitled, "WAGE MEETING CALLED FOR WATER & POWER GROUP." The text is lengthy and scandalous. It impugns the impartiality of the department's general managers and other officials, and makes other accusations. The publication in the Sentry of the subscribed notice and the unsubscribed article constituted the basis of the charges against the petitioner.

The staff investigator's report called attention to the fact "that the specific reference 'Figures can't lie, but liars can figure', did not appear over Mr. LaPrade's name as alleged." It concluded "that the charges filed by the Board of Water and Power Commissioners do not constitute a proper and sufficient cause for dismissal." The commission was not required to make known to the petitioner the recommendation of the investigator. Nor was it controlled thereby if on independent investigation of the facts and of the deportment and attitude of the petitioner there existed legal cause for discharge. The charter provides that only if the board finds, in writing, that the grounds stated for discharge were insufficient or not sustained, and also finds in writing that the person discharged was a fit and suitable person to fill the position, the person discharged should be reinstated. Its order is "final and conclusive" upon certification to the appointing board. The commission did not find in writing that the charges were insufficient or not sustained, nor did it find that the petitioner was a fit and suitable person to be restored to duty. The commission sustained the discharge by an order entered in its minutes. By that order it determined that the charges were sufficient cause for discharge, and that the petitioner was not a fit and suitable person to be restored to his position.

Either ground of the commission's action was sufficient to effect a final discharge. By that action the matter should be concluded and the courts be foreclosed from further inquiry. (*Boyd* v. *Pendegast,* 57 Cal.App. 504 [207 P. 713]; *McGinn* v. *Board of Health,* 113 Cal.App. 228 [298 P. 118]; *cf. Garvin* v. *Chambers,* 195 Cal. 212 [232 P. 696]; *Peters* v. *Sacramento City E. R. System,* 27 Cal.App.2d 10 [80 P.2d 179].)

On the issue of whether the published matter constituted cause for removal, the petitioner invokes the privileges of freedom of speech and of the press. No one may deny to him the exercise of those privileges. But he cannot avoid respon-

sibility for their abuse. Conceding his freedom to speak as in the published articles, the question then is whether the board acted arbitrarily in discharging him. (*Hayman* v. *City of Los Angeles,* 17 Cal.App.2d 674, 679 [62 P.2d 1047]; *Christal* v. *Police Commission,* 33 Cal.App.2d 564 [92 P.2d 416].) The case of *Hayman* v. *City of Los Angeles* involved facts similar to those now presented, and called for the application of the same charter provisions. There the grounds stated in the notice of discharge were ''Continuing to attempt to cause dissension among employees of the Refuse Collection Division by circulating a handbill protesting against the book of rules adopted by the Board of Public Works for the conduct of employees of said division.'' There also the petitioner invoked his constitutional rights of freedom of speech and assembly. Answering the contention that the stated grounds were insufficient and did not constitute a legal cause for discharge, the court said: ''The right which is involved here is not that which petitioner thinks has been denied him, but is the right of respondents to exercise a reasonable supervision over city employees, to the end that proper discipline may be maintained and that activities among employees be not allowed to disrupt or impair the public service. Such is not only the right but the duty of the city and its several departments. In the exercise of this duty they must be allowed a wide discretion and their acts are not subject to review by the courts until they have reached the point of illegality. We do not see how it could be said that it appears from the pleadings in the case that the action of the city engineer was capricious and arbitrary and that petitioner was dismissed without cause. If petitioner's activities had a tendency to create dissension and unrest among the city employees and to interfere with the enforcement of reasonable rules of conduct prescribed by the Board of Public Works, it is not for the courts to declare that a dismissal based upon these facts would be without cause and therefore without authority under the charter of the city. The grounds stated for petitioner's discharge were not legally insufficient. The implications from the facts stated in the notice of discharge tend to deny rather than to support petitioner's claim that the action was arbitrary.''

It was the function of the defendant Board of Water and Power Commissioners to maintain order and cooperation among the numerous employees serving the public municipal

needs, and it was its duty to prevent disruption of the public service. It was the duty of the petitioner to refrain from acts which might cause dissension among those employees and he was the proper person to explain to the commission his deportment concerning the published scandalous utterances. If there be a difference of opinion as to their effect on the petitioner's fellow employees that difference may be resolved, as here, by the commission against the petitioner. It is not for the court to say that the commission should have concluded otherwise. The commission was in a better position than the courts to determine whether such statements would tend to cause dissatisfaction and dissension among the employees of the department, or create distrust of the board and the general managers of the department, or incite employees of the department to insubordination. By the specific terms of that charter the determination of the commission is final and conclusive. In the absence as here of oppression or bad faith its discretion is limited only by the provisions of the charter and the defendants' sense of responsibility for the discipline and efficiency of the department. (*Ludolph* v. *Board of Police Commrs.*, 30 Cal.App.2d 211, 218 [86 P.2d 118]; *Cronin* v. *Civil Service Com.*, 71 Cal.App. 633 [236 P. 339].)

It cannot be said as matter of law that the public statements of the petitioner would not have the tendency attributed to them by both municipal boards. In fact a cursory reading of those statements would indicate that they would have that tendency. That being so it should be concluded that the charges filed by the appointing board constituted legal cause for discharge.

The question of fitness for the position does not contemplate merely qualifications of skill in performing the duties of the office. Under civil service, fitness and suitability have a broader significance, and must be deemed to include a disposition to refrain from creating disorder or inciting dissension, and the commendable qualities of self-discipline and cooperation in maintaining standards of public service. A tendency to foment strife and discontent is a proper ground of unsuitability, and only if there is no room for difference of opinion and the charge appears clearly unsupported may it be held that the board acted arbitrarily or capriciously in discharging the employee. (*McNatt* v. *Lawther*, (Tex.Civ.App.) 223 S.W. 503.) The Civil Service Commissioners had the discretion to judge from the petitioner's public acts and from his manner

at a hearing which he requested whether he was a suitable person to be retained in the service. The commission then had before it sufficient evidence adverse to the petitioner on the question of his suitability for the position. This evidence was in the form not only of his published utterances but also of his conduct before the board. Under these circumstances the courts may not substitute their judgment for that of the commissioners.

In my opinion the statutory procedure was observed, the petitioner's rights were not infringed, the charges against him constituted legal cause for removal, and the implied finding of unfitness and unsuitability was sustained. The questions of the sufficiency of the charges and of the fitness of the petitioner called for the exercise of the commission's discretion. The writ of mandate does not function as a writ of error. (*Grivi* v. *Superior Court,* 3 Cal.2d 463 [45 P.2d 181].) The scope of judicial inquiry is whether the local board had discretion to do or not to do a certain act and whether it acted arbitrarily or otherwise abused its discretion, for if it had discretion to act in other than a particular way, the exercise of discretion will not be disturbed. (*Bank of Italy* v. *Johnson,* 200 Cal. 1, 31 [251 P. 784] ; *Klevesahl* v. *Byington,* 1 Cal. App. 2d 671, 677 [37 P.2d 179] ; see, also, *Naughton* v. *Retirement Board,* 43 Cal.App.2d 254, 257 [110 P.2d 714], and cases cited; *Dierssen* v. *Civil Service Com.,* 43 Cal.App.2d 53, 59 [110 P.2d 513], and cases cited.) When it appears as here that the exercise of the commission's discretion was called into action, and it cannot be said that such discretion should have been exercised in a particular way, the judicial function in this proceeding is exhausted. The trial court's conclusion that the commission's action justified judicial interference was therefore erroneous and its judgment should be reversed.

Edmonds, J., and Spence, J., concurred.