[Civ. No. 4575. Fourth Dist. Aug. 10, 1953.]

ERNEST A. TURNER et al., Respondents, v. CIVIL SERVICE COMMISSION OF THE COUNTY OF SAN DIEGO et al., Appellants.

James Don Keller, District Attorney, and Robert G. Berrey, Deputy District Attorney, for Appellants.

Martin & Mahedy and Francis J. Maher for Respondents.

BARNARD, P. J.—This is an appeal from a judgment annulling an order of the civil service commission and remanding the matter to that commission for further proceedings.

The coroner of San Diego County issued an order removing Ernest A. Turner from his position as deputy coroner in the classified civil service. The order stated the grounds therefor, setting forth seven specific charges of insubordination. He

was further charged with inefficiency, willful disobedience, and conduct that is incompatible with and inimical to the public service in connection with each of the incidents listed in the insubordination charge. In an eighth charge he was accused of conduct that is incompatible with and inimical to public service in connection with a different incident. In a ninth charge he was accused of conduct constituting a failure of good behavior in a specific instance not covered by the other charges.

Turner appealed to the civil service commission and after an extended hearing the commission found that one or more of the charges with respect to each of the first seven incidents had been proved, but that the charges based upon the eighth and ninth incidents had not been proved. The commission then entered an order sustaining the coroner's order of dismissal. In response to a petition filed in the superior court by Turner, a writ of review was issued. A hearing was had in which a transcript of the entire proceedings before the commission was presented and considered.

The court found that in affirming the order of dismissal the commission had acted arbitrarily and in excess of its jurisdiction, and had abused its discretion, in each of the following respects: 1. in that it refused to admit into evidence and consider the petitioner's efficiency record; 2. in that it refused to admit and consider evidence of his good reputation for the traits of character involved in the charges; 3. in that there was no substantial evidence to support the commission's findings against him with respect to three of the first seven charges; 4. in that the commission's conclusion that the petitioner had not been guilty of conduct constituting a failure of good behavior is inconsistent with its other conclusions to the effect that he was guilty of insubordination, inefficiency, disobedience, and conduct inimical to public service. It was further found that the commission's findings, with respect to four of the first seven charges, were supported by substantial evidence. As conclusions of law it was found that the commission's order of affirmance should be annulled and set aside; that the commission should be directed to hold a further hearing at which it should receive and consider the efficiency records and reputation evidence; and that the commission should be directed to consider what order should be made in view of such additional evidence and of the court's finding that three of the charges were unsupported. Judgment was entered accordingly, and the commission and the coroner have

appealed. Pending the appeal the petitioner died and the administratrix of his estate has been substituted as respondent.

The appellants contend that the commission did not act arbitrarily or in excess of its jurisdiction or abuse its discretion by refusing evidence of Turner's good reputation for traits of character involved, or by refusing to consider his efficiency record; that the court erred in finding that three of the first seven charges were not supported by any substantial evidence; that the commission's conclusion that Turner was not guilty of conduct constituting a failure of good behavior is not inconsistent with its other conclusions; and that under the circumstances the court was not authorized to remand the matter to the commission.

A writ of review raises a jurisdictional question and cannot be used to review mere error. It is well settled that in reviewing such decisions of local agencies the courts are not authorized to exercise their independent judgment on the evidence, and their review is limited to a determination of whether or not the decision of the local agency is supported by substantial evidence. (*LaPrade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13]; *Nider* v. *City Commission*, 36 Cal.App.2d 14 [97 P.2d 293].) It was not contended, with respect to any of the charges found by the commission to be true, that the petitioner had not disobeyed the order in question. In each instance he offered an explanation as to what he had done and why he had not strictly followed the instructions in question. The defense relied on, in effect, was and is that he had substantially complied therewith or, in some instances, done what he considered necessary at the time.

In giving his decision, the court expressed the opinion that the commission should have received Mr. Turner's efficiency reports and evidence of good reputation for traits of character involved in the charges. He then commented on the evidence with respect to the three charges on which it was held that no substantial evidence was produced. These remarks strongly indicate that the court was weighing the evidence and pointing out contrary inferences which could well be drawn. Whether or not this is true, we cannot agree that there was no substantial evidence before the commission to substantiate the charges found true or any of them. It would serve no useful purpose to set forth the evidence here. It amply appears that the commission's findings were made upon conflicting evidence which would have supported a deci-

sion either way. If the same findings had been made in the trial court it would have to be held, on appeal, that the evidence, with the reasonable inferences therefrom, was sufficient to sustain them.

▰ Neither abuse of discretion nor prejudice appears in connection with the refusal of the commission to admit into evidence Mr. Turner's efficiency record, and evidence of his reputation for traits of character involved. With respect to the efficiency records, which were kept pursuant to a charter provision requiring that such a record be considered in considering promotions, it appears that an objection to the introduction of these records into evidence was sustained and that later on it was stipulated that the commission might examine these records if they deemed them material. It does not appear, as pointed out by the trial court, whether or not the commission did actually review the efficiency reports. This was a civil proceeding in which the petitioner was charged with specific violations of charter provisions on particular occasions, and evidence of his previous conduct or reputation as to particular traits of character was not material to the issue and could be of little, if any, persuasive effect. The admission of all this evidence was argued at length before the commission and its decision was made in the light of the fact that its members had in mind what would be shown by any such evidence. Under the circumstances, it cannot be held that the commission acted arbitrarily or abused its discretion in refusing to prolong the hearing by admitting that evidence.

The conclusion of the commission that Turner was not guilty of conduct constituting a failure of good behavior is not inconsistent with the other conclusions, when read in the light of the specific charges and the findings thereon. ▰ The charter provides for the removal of a person having tenure for certain named causes, and then adds "or for any *other* failure of good behavior." (Italics ours.) This means a failure of good behavior in some manner other than that naturally involved in the other causes of removal. ▰ The first eight charges involved the specified causes for removal, and the ninth charge referred to a different act as constituting an "other" failure of good behavior. The commission found that certain of the charges were proved, and then found that the ninth charge had not been proved. The conclusions of law followed the findings, and the conclusion that Turner had not been guilty of conduct constituting a failure of good

behavior was obviously intended as a conclusion in his favor with respect to the ninth charge alone. Since this conclusion referred solely to the specific incident involved in the ninth charge, it is in no way inconsistent with the fact that in a general sense there is necessarily some failure of good behavior involved in being guilty of inefficiency, insubordination or willful disobedience.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.