[Civ. No. 3446. Fifth Dist. Nov. 9, 1979.]

PANDOL & SONS, Petitioner, v.
AGRICULTURAL LABOR RELATIONS BOARD, Respondent;
UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Real Party in Interest.

COUNSEL

Seyfarth, Shaw, Fairweather & Geraldson, Joseph Herman, George Preonas, Bette Bardeen and Keith A. Hunsaker, Jr., for Petitioner.

Harry J. Delizonna, Dennis M. Sullivan, Marvin J. Brenner, Thomas M. Sobel, Edwin F. Lowry and Gary Williams for Respondent.

Jerome Cohen, Sanford N. Nathan, Tom Dalzell, Deborah Wiener Peyton, W. Daniel Boone, Glenn Pothner, E. Michael Heumann II, Linton Joaquin, Dianna Lyons, Kirsten Zerger, Marco E. Lopez, Carlos M. Alcala, Francis E. Fernandez and Carmen C. Flores for Real Party in Interest.

## OPINION

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

On September 30, 1975, real party in interest United Farm Workers of America, AFL-CIO (UFW) filed two unfair labor practice charges

with the respondent Agricultural Labor Relations Board (Board) against Pandol & Sons (petitioner). On October 2, 1975, the Fresno regional director ordered the cases consolidated and issued a complaint against petitioner, alleging that by various acts it had violated Labor Code section 1153, subdivision (a).[1] An administrative law officer (ALO) held a hearing on October 13, 1975, and rendered his decision on October 12, 1976. The ALO found that petitioner had committed unfair labor practices by denying UFW organizers access to his property on September 29 and 30, 1975. On April 5, 1977, the Board adopted the ALO's findings in part and issued a modified order. The Board ordered petitioner to cease and desist from denying access to union organizers and from interfering with, restraining or coercing its employees in the exercise of their rights guaranteed under the Agricultural Labor Relations Act (Act), and, further, ordered petitioner to take affirmative action in various forms to effectuate the policies of the Act including posting, mailing and reading a notice to employees and giving a name and address list of employees to the UFW. The Board also ordered that the UFW be granted "expanded access" to the petitioner's property without restriction as to the number of organizers.

On May 5, 1977, petitioner filed a petition for review of the final order of the Board. This court accepted the case for review and handed down a decision upholding the Board's order with the exception of the unlimited access provision which the court struck from the order. The UFW petitioned this court for a rehearing urging that we remand the case to the Board for further proceedings on the expanded access question. We granted a rehearing and directed the parties to file briefs on certain questions pertaining to the requested remand, including whether the court has power to remand a case to the Board, and if so, whether the remand can be made as to a part only of the affirmative remedy ordered by the Board; and whether such a remand would revest full jurisdiction in the Board to enter new findings and a new final order requiring a new petition for review under section 1160.8 to revest jurisdiction in the court to review and enforce the new order.

---

[1]All code references are to the Labor Code unless otherwise indicated.

Section 1153 provides: "It shall be an unfair labor practice for an agricultural employer to do any of the following: (a) To interfere with, restrain, or coerce agricultural employees in the exercise of the rights guaranteed in section 1152..." Section 1152 guarantees employees the "right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection...."

## The Evidence

The Board's finding of unfair labor practices by petitioner is predicated upon events which occurred at petitioner's ranch on September 29 and 30, 1975, when the UFW was engaged in a campaign to organize petitioner's employees. The ALO found very little conflict in the testimony and no dispute as to what occurred. UFW organizers had entered petitioner's property to talk with the workers as permitted by the access rule (Cal. Admin. Code, tit. 8, § 20900). The organizers wore UFW buttons as identification. On one occasion they distributed leaflets to the workers. Matt Pandol, one of the petitioner's partners, had the UFW organizers arrested for trespassing.

## Discussion

Petitioner's challenge to the constitutionality of the adjudicative powers of the Board under section 1160.3 and the review provisions of section 1160.8 has been answered by our Supreme Court in *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335 [156 Cal.Rptr. 1, 595 P.2d 579].

■ Petitioner makes two additional unavailing arguments. It contends there is no evidence that employee rights were interfered with by reason of the arrest of the UFW organizers on petitioner's premises since there is no evidence that the employees desired to speak with the organizers. The argument is specious. "[T]he question is not whether an employee actually felt intimidated but whether the employer engaged in conduct which may reasonably be said to interfere with the free exercise of employee rights under the Act." (*Joy Silk Mills* v. *National Labor Relations Board* (D.C.Cir. 1950) 185 F.2d 732, 743-744, citing *Labor Board* v. *Link-Belt Co.* (1941) 311 U.S. 584 [85 L.Ed. 368, 61 S.Ct. 358].) The arrest of union organizers who are lawfully on the employer's property and conducting themselves in an orderly fashion ipso facto must be deemed to interfere with the employee's rights to self-organization.

■ Petitioner also disputes the Board's view that the giving of UFW pamphlets to employees falls within the access rule. However, distributing literature is within the activities allowed under the access rule,

taking into account the absence in the agricultural setting of alternative channels usually available for communicating with industrial workers *(Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd., supra* 24 Cal.3d at p. 354). There is no evidence that the distribution of pamphlets caused any disruption of petitioner's farming operations (compare Cal. Admin. Code, tit. 8, § 20900, subd. (e) (4) (C)).

Petitioner's main argument is that the remedies fashioned by the Board are improper, excessive and cumulative in the following respects: The Board ordered the petitioner to post, mail and read a notice to employees; to provide UFW with a list of the names and addresses of all employees listed on its master payroll for the payroll period immediately preceding the filing of the petition for certification on October 2, 1975; and to allow the UFW access to its fields without restriction as to the number of organizers and without regard to the date of certification of the results of the election in case No. 75-RC-86-F.[2]

■ The requirement of posting, mailing and reading the notice to employees is well within the Board's province *(Tex-Cal Land Management, Inc.,* v. *Agricultural Labor Relations Bd., supra,* 24 Cal.3d at p. 355; see *Food Store Emp. U., Loc. No. 347 Amal. Meat Cut.* v. *N. L. R. B.* (D.C.Cir. 1973) 476 F.2d 546, 549). The ALO premised the mailing requirement on the scattered nature of the work force, the literacy and language problems, and the employer's coercive influence. Petitioner's argument that the Board relied upon facts not in the record to support its findings and that these facts were gleaned from other cases is answered by the United States Supreme Court which addressed identical arguments under the National Labor Relations Act: "It is urged, however, that no evidence in this record supports this back pay order; that the Board's formula and the reasons it assigned for adopting it do not rest on data which the Board has derived in the course of the proceedings before us. But in devising a remedy the Board is not confined to the record of a particular proceeding. 'Cumulative experience'

---

[2]On October 9, 1975, an election was conducted at petitioner's ranch. The regional director issued a challenged ballot report on December 5, 1975. Following investigation, the director issued a report on July 20, 1977, as to the status of the challenged ballots. On August 30, 1977, the Board rendered its decision on the challenged ballots and finding that no party to the election could possibly receive a majority of the valid ballots cast at the election and a runoff election would not further the policies of the Act, ordered that a rerun election be held in 1977 if the UFW so moved, but otherwise that the proceedings be closed.

begets understanding and insight by which judgments not objectively demonstrable are validated or qualified or invalidated. The constant process of trial and error, on a wider and fuller scale than a single adversary litigation permits, differentiates perhaps more than anything else the administrative from the judicial process." *(Labor Board v. Seven-Up Co.* (1953) 344 U.S. 344, 348-349 [97 L.Ed. 377, 382-383, 73 S.Ct. 287]; see also *Agricultural Labor Relations Bd. v. Superior Court* (1976) 16 Cal.3d 392, 414-417 [128 Cal.Rptr. 183, 546 P.2d 687].)

Nor can we interfere with the Board's order that petitioner provide the UFW with a list of the names and addresses of all employees for the payroll period preceding the filing of the petition for certification. ■ We perceive no undue burden on petitioner in this regard. It is only when the record shows an abuse of discretion by the Board in ordering an affirmative act by the petitioner that this court may strike the remedy (*Labor Board v. Seven-Up Co., supra,* 344 U.S. 344, 346-347 [97 L.Ed. 377, 381-382]). The Board must be given relatively free rein in determining which remedy will best effectuate policies of the Act. (Compare *Tex-Cal Land Management, Inc. v. Agricultural Labor Relations Bd., supra,* 24 Cal.3d 335, 354-355; see *Fibreboard Corp. v. Labor Board* (1964) 379 U.S. 203, 216 [13 L.Ed.2d 233, 241-242, 855 S.Ct. 398, 6 A.L.R.3d 1130]; *Republic Aviation Corp. v. Board* (1945) 324 U.S. 793, 798 [89 L.Ed. 1372, 1376-1377, 65 S.Ct. 982, 157 A.L.R. 1081].) As the Supreme Court stated in *Phelps Dodge Corp. v. Labor Board* (1941) 313 U.S. 177, 194 [85 L.Ed. 1271, 1283, 61 S.Ct. 845, 133 A.L.R. 1217]: "Because the relation of remedy to policy is peculiarly a matter of administrative competence, courts must not enter the allowable area of the Board's discretion and must guard against the danger of sliding unconsciously from the narrow confines of the law into the more spacious domain of policy." (See also *Fibreboard Corp. v. Labor Board, supra,* 379 U.S. 203, 216 [13 L.Ed.2d 233, 241-242].)

■ Nevertheless, there is one remedy ordered by the Board which cannot be enforced—granting the UFW the right to access *without restriction* as to the number of organizers. (See *Sunnyside Nurseries, Inc. v. Agricultural Labor Relations Bd.* (1979) 93 Cal.App.3d 922, 940-941 [156 Cal.Rptr. 152].) The order provides that this right of access shall encompass four 30-day periods within the 12 months following the Board's decision and shall be effective without regard to the date of certification or the results of the election.

The Board purported to order this remedy under its authority to order such "affirmative action, . . . as will effectuate the policies of [the Act]." (§ 1160.3.) This accords with the federal law which gives the NLRB authority to devise remedies to further the policies of the NLRA. (See *Fibreboard Corp.* v. *Labor Board, supra,* 379 U.S. 203, 216 [13 L.Ed.2d 233, 241-242].) Expanded access to compensate a union for the employer's denial of access has been held a proper remedy. (See *International Union of Electrical, R. & M. Wkrs.* v. *N. L. R. B.* (D.C.Cir. 1967) 383 F.2d 230, 232, fn. 4; cf. *N. L. R. B.* v. *H. W. Elson Bottling Company* (6th Cir. 1967) 379 F.2d 223, 226.)

However, the Board's order granting access *unlimited* as to the number of UFW organizers is contrary to the policies of the Act and the access regulation itself.[3] Access without restriction could result in interference with petitioner's farming operations and create a volatile situation. It could also result in undue coercion of employees. Obviously, the number of organizers allowed on an employer's premises must bear some reasonable relationship to the number of employees on the premises. Thus, the Board should have specified the number of additional organizers it believed necessary to compensate the UFW for the denial of access. If this had been done, we could review the propriety of the order.

Petitioner argues that we should not remand the additional access question to the Board because four years have elapsed since the employer wrongfully excluded the union representatives from his premises and because the employer was acting in good faith at the time in believing the access regulation to be constitutionally invalid. Be that as it may, we believe this argument should more properly be presented to the Board for its consideration in determining whether additional access would be appropriate at this time. The expertise of the Board in fashioning remedies for unfair labor practices renders it particularly qualified to decide the question of expanded access (see *Phelps Dodge Corp.* v. *Labor Board, supra,* 313 U.S. 177, 194 [85 L.Ed. 1271, 1283]). The case therefore should be remanded to the Board for further consideration of the expanded access question in the light of this opinion, if such remand is permissible and feasible under the Act.

---

[3]The access regulation (Cal. Admin. Code, tit. 8, § 20900, subd. (e) (4)) provides that the number of union organizers allowed on an employer's property is two for each work crew and one additional organizer for each additional fifteen employees where the crew exceeds thirty.

■ The Act makes no provision for remand of a case back to the Board for further proceedings once the Court of Appeal has accepted it for review. Section 1160.8,[4] construed with section 1160.3,[5] appears to vest exclusive jurisdiction in the Court of Appeal once the record is filed in the court pursuant to the clerk's notice.

In *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd., supra,* 24 Cal.3d 335, the Supreme Court viewed the court's jurisdiction to review and to enter a decree enforcing or modifying the order of the Board as an original proceeding in the nature of mandamus within the meaning of article VI, section 10 of the California Constitution (*id.,* at pp. 351-352). This holding, however, should not foreclose the reviewing court's authority to remand all or any portion of the order back to the Board for reconsideration if it determines that justice requires this to be done.

Basic authority for a remand procedure is found in Code of Civil Procedure section 187 which provides: "When jurisdiction is, by the constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

The NLRA expressly authorizes remand to the NLRB only when a party applies to the reviewing court for leave to produce additional evidence (§ 10 (e) of the act, 29 U.S.C. § 160 (e)); nevertheless, the federal courts of appeals almost immediately after enactment of the NLRA began interpreting 29 United States Code section 160 (e) to permit a court faced with a petition for review of a final order of the

---

[4]Section 1160.8 provides in pertinent part: "Upon the filing of such petition [for review], the court shall cause notice to be served upon the board and thereupon shall have jurisdiction of the proceeding. The board shall file in the court the record of the proceeding, certified by the board within 10 days after the clerk's notice unless such time is extended by the court for good cause shown. The court shall have jurisdiction to grant to the board such temporary relief or restraining order it deems just and proper and in like manner to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part, the order of the board."

[5]Section 1160.3 provides in pertinent part: "Until the record in a case shall have been filed in a court, as provided in this chapter, the board may, at any time upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it."

NLRB to remand a case to the board for further consideration. For example, in *Agwilines, Inc.* v. *National Labor Relations Board* (5th Cir. 1936) 87 F.2d 146, the court found that a board remedial order was "too indefinite to serve as a basis for an order of enforcement" and remanded the matter to the board with directions to conduct further proceedings. See also *National Labor Relations Board* v. *Bell Oil & Gas Co.* (5th Cir. 1937) 91 F.2d 509, where the court enforced the order in part and remanded to the board for clarification that part of the order which was found to be vague. ■ Finally, as noted by the United States Supreme Court in *Ford Motor Co.* v. *Labor Board* (1939) 305 U.S. 364 [83 L.Ed. 221, 59 S.Ct. 301], "It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied. Such a remand may be made to permit further evidence to be taken or additional findings to be made upon essential points." (305 U.S. at p. 373 [83 L.Ed. at p. 229], fns. omitted.)

Remand to the administrative tribunal for further proceedings in the course of judicial review of an administrative order is common in California (see *Covert* v. *State Board of Equalization* (1946) 29 Cal.2d 125 [173 P.2d 545]; *La Prade* v. *Department of Water & Power* (1945) 27 Cal.2d 47 [162 P.2d 13]; *Universal Cons. Oil Co.* v. *Byram* (1944) 25 Cal.2d 353 [153 P.2d 746]). We note also that remand is statutorily authorized by courts reviewing Workers' Compensation Appeals Board decisions (see Lab. Code, § 5953) and for review of orders of the Department of Alcoholic Beverage Control (Bus. & Prof. Code, § 23090.3).

The need for the reviewing court to remand cases to the Board for further proceedings results from the division of functions between the Board and the court as contemplated by section 1160.8. Without the power to remand, in many instances the court would have no choice but to annul an order or emasculate it because of some error which could easily be cured by further proceedings before the Board but which the court could not properly remedy on its own except by invoking rarely used procedures such as taking evidence which the appellate courts of this state are reluctant to do.[6]

---

[6]Code of Civil Procedure section 909 authorizes the appellate court to take additional evidence for the purpose of making additional findings of fact or for any other purpose "in the interests of justice." In exceptional circumstances the reviewing court, on certiorari, has taken additional evidence not given in the proceedings below (*Welde* v. *Superior Court* (1942) 53 Cal.App.2d 168, 176 [127 P.2d 560]). However, the very

■ A second question arises: if a remand is ordered and the Board thereafter enters new findings and a new order concerning the issues on remand, is a new petition under section 1160.8 necessary to review the order? In other words, must the new order on remand be deemed a "final order" within the meaning of section 1160.8? We think not.

■ There are two fundamental policies which should guide the reviewing court in designing a remand procedure in unfair labor practices cases arising under the Act: (1) the need for expeditious resolution of the unfair labor practice charges, and (2) judicial deference to the Board in matters of fact finding and the formulation of remedial orders. ■ If the redetermination by the Board after remand from the court were to be considered a final order of the Board and binding on the parties absent a new petition for review, then the enforcement of the new order would be in the superior court (§ 1160.8) thereby resulting in two courts, i.e., the superior court and the Court of Appeal issuing enforcement decrees in the same labor-management dispute. This clearly would be contrary to the legislative policy implied in section 1160.8—that the reviewing court is vested with the jurisdiction to enforce Board orders in a particular labor management dispute once the court has elected to review the order.

Also, if the order on remand is treated as a final order of the Board, any aggrieved party would have 30 days in which to file a petition for review under section 1160.8. If a petition for review should be filed, the parties must be given a reasonable time to file points and authorities in light of the record filed by the Board (*Tex-Cal Land Management, Inc. v. Agricultural Labor Relations Bd., supra,* 24 Cal.3d 335) and if the court should elect to review the new order, it would have to schedule oral argument and write a formal opinion on the new order—all of which would require several weeks or perhaps months additional time.

Thus, it is apparent that for the Board's order on remand to be deemed a new final order under section 1160.8 would run counter to the important policy calling for the expeditious resolution of unfair labor practice charges.

suggestion that the court itself might hear evidence in an Agricultural Labor Relations Board review proceeding appears repugnant to section 1160.8, which makes the Board the trier of fact.

Because section 1160.8 vests jurisdiction to enforce Board orders in the Court of Appeal once a petition for review is granted (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd., supra,* 24 Cal.3d at pp. 350-352), we conclude that a remand to the Board revests only a *limited* jurisdiction in the Board to follow the directions of the court in the remand order. ██ ██ ██ Accordingly, the subsequent findings and any new order by the Board will be advisory in nature, and a new petition to review will not be required to revest jurisdiction over the new findings and order in the court.[7]

The concept of retaining review and enforcement jurisdiction over the parties and the subject matter in the Court of Appeal while remanding the proceedings to the Board for reconsideration in light of the court's opinion is consistent with the federal practice under the NLRA. In *National Labor Relations Board* v. *Bell Oil & Gas Co., supra,* 91 F.2d 509 at page 515, the court's remand procedure is stated as follows: "When the clarified order has been entered, it and the additional proceedings, if any, taken in arriving at it, shall be supplemented and made a part of the pending record, for our final action and decree." (See also *National Labor Relations Board* v. *Summerset Shoe Co.* (1st Cir. 1940) 111 F.2d 681 at p. 690.) "If the Board holds additional proceedings and issues a clarifying order as to back pay, such · additional proceedings and order shall be made a supplemental part of the pending record for our final action and decree." (Also see *N. L. R. B.* v. *Great Atlantic and Pacific Tea Company* (5th Cir. 1969) 409 F.2d 296; *National Labor Relations Bd.* v. *Acme Air Appliance Co.* (2d Cir. 1941) 117 F.2d 417; *Universal Cons. Oil Co.* v. *Byram, supra,* 25 Cal.2d 353.)

The portion of the Board's order granting access unlimited as to the number of UFW organizers and without regard to the date of election certification is annulled, and the question of additional access is remanded to the Board for further consideration in the light of this opinion. The Board is directed to take whatever additional evidence it deems appropriate on the question and to make new findings and a proposed order not inconsistent with this opinion. The Board is further directed to certify the record on remand including the new findings and

---

[7]This is not to suggest that the new findings and order of the Board should not be given deference in accordance with the policy stated in section 1160.8—that the findings of the Board with respect to factual questions are to be upheld by the court if supported by substantial evidence. The same respect should be accorded the Board's findings and new order on remand as is given to the original findings and order.

proposed order to this court within 60 days from this date. Any party aggrieved by the Board's order on remand shall have 15 days from the date of the Board's certification of the supplemental record to this court within which to file points and authorities in opposition to the proposed order. If no such opposition is filed, the new order, if approved by this court, will be included in the final decree of enforcement to be issued by this court.

Except as annulled, the order of the Agricultural Labor Relations Board is affirmed.

Hopper, J., and Zenovich, J., concurred.