[Civ. No. 18539.   First Dist., Div. Two.   Apr. 18, 1960.]

WILLIE B. EASHMAN, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

Dion R. Holm, City Attorney, and John J. Taheny, Jr., Deputy City Attorney, for Appellants.

William B. Acton and Rhoda Pemberton Acton for Respondent.

PAULSEN, J. pro tem.*—On January 20, 1948, Willie Eashman, respondent-petitioner, entered the employ of the San Francisco Municipal Railway and later was given the civil service classification "J66 Garageman—Permanent." That employment continued until April 5, 1957. Shortly after that date petitioner was served with a notice of hearing which stated: "You are charged with inattention to duties in that you were working on your own personal automobile during regular working hours." Following a hearing before the Manager of Utilities that officer filed an order of dismissal of the accused. This was affirmed by the Civil Service Commission.

Willie Eashman will be referred to here as "Petitioner," the Civil Service Commission and its officers, collectively, as the "Board," and the Manager of Utilities as the "Manager."

After the order of dismissal was affirmed by the board, petitioner instituted this proceeding wherein he sought an alternative writ of mandate compelling the board to restore to him his employment and classification or show cause why it should not be compelled to do so. He admitted that during working hours he "had taken ten or fifteen minutes to change two spark plugs in his own car." He alleged that he was entitled to relief on the ground that the manager and commission had been arbitrary, capricious and unfair. No other questions were raised for the consideration of the trial court.

---

*Assigned by Chairman of Judicial Council.

The matter was submitted to the court on the transcript of the hearing and among the court findings were these:

"2. That on April 4, 1957, petitioner was assigned to work in one of the Municipal car barns from midnight to the following 8 A. M.; that petitioner had performed all duties assigned to him up to 4 A. M.; that between 4 and 4:30 A. M. there is a slack period in the car barn activities; that during said period petitioner took ten minutes to change two spark plugs in his private automobile; that the mechanic on duty at that time in the car barn supplied petitioner with the tools necessary to change the two spark plugs.

"3. That at the time petitioner completed changing the aforesaid two spark plugs an employee at the car barn claimed to have seen some gasoline which previously had been spilled on the ground near the buses; that efforts were made to connect petitioner with said spilled gasoline but all such efforts completely failed; that at no time was any charge made against petitioner accusing him of stealing said spilled gasoline nor was any evidence ever adduced implicating petitioner in the spilling of gasoline on the ground at said car barn.

"4. That thereafter on said April 4, 1957, petitioner advised his superior in the car barn that he had changed two spark plugs in his own automobile about 4 o'clock A. M., taking about ten minutes therefor, and thereupon petitioner was suspended for a period of thirty days, being charged with inattention to duties; that during said period of thirty days petitioner was charged with the same offense, that is, inattention to duties in that he changed two spark plugs in his own automobile; that J. H. Turner, as Manager of Utilities of the City and County of San Francisco, filed the charges against petitioner and then presided at the formal hearing; that said Turner, as such hearing officer, then found petitioner guilty of inattention to duties . . .

"5. That from the time of petitioner's employment as Garageman J66 by the City and County of San Francisco on January 20, 1948, to his discharge on April 18, 1957, his record is free and clear of any infraction of any rule of the Municipal Railway and the Public Utilities Commission with one exception when petitioner was suspended two days for a minor accident in parking a passenger bus.

"6. That the hearing presided over by said Turner, as Manager of Utilities on charges preferred by himself, was arbitrary, unfairly and capriciously conducted; that notwith-

standing the face [*sic*] that petitioner admitted he had taken ten minutes to change the spark plugs on his own automobile nevertheless said Turner, in conducting the hearing devoted more time on the subject of some gasoline found on the ground near the buses than he did to the hearing on the charges on which petitioner was supposedly tried and which charges petitioner immediately admitted; that the punishment inflicted on petitioner of complete discharge and complete separation from his employment was arbitrary, unfair and capricious and was entirely disproportionate to the minor offense of changing two spark plugs admitted by petitioner,'' and that the action of the commission was, for the same reasons, ''arbitrary, unfair and capricious.''

The court gave judgment directing the issuance of a peremptory writ of mandate requiring the board to set aside the decision and order which discharged petitioner and to restore him to his former position and classification.

The board now contends that it possessed quasi-judicial powers and the trial court was restricted to a review of the hearing transcript and was bound by the substantial evidence rule; that the dismissal order was supported by substantial evidence; that the hearing was not arbitrarily, unfairly, or capriciously conducted; that the penalty was not arbitrary or capricious; and that in any event the court had no power to make the order of restoration.

In *Thompson* v. *City of Long Beach*, 41 Cal.2d 235, 239 [259 P.2d 649], the rule applicable to the review of decisions of a local agency was stated as follows: ''[Petitioner] was not entitled to a trial de novo in the superior court but only to a review of the full proceedings before the local board acting as a quasi-judicial body . . . ▪ Upon such review the 'court does not have a right to judge of the intrinsic value of evidence nor to weigh it' but its 'power . . . is confined to determining whether there was substantial evidence before the board to support its findings.' '' (See also *English* v. *City of Long Beach*, 35 Cal.2d 155 [217 P.2d 22, 18 A.L.R.2d 547]; *La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13]; *Savage* v. *Sox*, 118 Cal.App.2d 479 [258 P.2d 80]; *Corcoran* v. *San Francisco etc. Retirement System*, 114 Cal.App.2d 738 [251 P.2d 59].)

As far as the act of changing spark plugs was concerned, it was admitted, and it is immaterial how the court arrived at its conclusion. That was the only act charged and

petitioner directed his defense toward a showing that it was excusable.

The law as stated in the Thompson case, *supra,* was applicable to this case to the extent that it deprived the trial court of the power to make the order of restoration. It did not apply to the issue of fairness—the only issue before it. In a proceeding of this kind the board does not make a finding or determination of its own fairness. If that were possible a review of its conduct would seldom be possible. On such an issue the trial court must consider the whole record and make its own initial findings. ▉ On appeal the power of the appellate court begins and ends with the inquiry whether there was any substantial evidence, contradicted or uncontradicted, that would in and of itself support the conclusion reached by the trial court. (Code Civ. Proc., § 1094.5; *Richter* v. *Walker,* 36 Cal.2d 634 [226 P.2d 593]; *Powell* v. *Pacific Electric Railway Co.,* 35 Cal.2d 40 [216 P.2d 448]; *Corcoran* v. *San Francisco etc. Retirement System, supra.*

▉ The findings of the trial court in this case were clearly intended to explain in part why the court had concluded that the hearing was unfair.

There was direct testimony to support the facts stated in the findings, and in addition it appeared that some years before he became a garageman, petitioner had worked for the city as a bus driver, and on several occasions had been cautioned because of minor infractions of rules. These matters involved a former employment in a different capacity and were not mentioned in the charges. Nevertheless, the manager opened the hearing with an order admitting the record of the former employment into evidence. It is not contended that this order alone would justify the court's decision, but merely that it tended, with other evidence, to show that the manager was biased.

The court also took into account the fact that dismissal appeared to be a harsh punishment for the offense actually proved. This was a proper matter to be considered, with other evidence, to determine whether the hearing officer and the commission were biased and had prejudged the case; it did not authorize the order of restoration. While we might not make the same finding on the record of the administrative hearing, we have determined that such record contains substantial evidence supporting the trial court's finding.

▉ The board argues that the right to determine penalties is exclusively within its powers. Section 154 of the Charter of

the City and County of San Francisco gives the board the power to exonerate, suspend or dismiss the accused and its order is final. (See also *Denton* v. *City & County of San Francisco,* 119 Cal.App.2d 369 [260 P.2d 83].) This being so, the court could not determine what penalty, if any, should be imposed. (*Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 264 [246 P.2d 656] ; *Cason* v. *Glass Bottle Blowers Assn.,* 37 Cal.2d 134 [231 P.2d 6, 21 A.L.R.2d 1387] ; *English* v. *City of Long Beach, supra*; *La Prade* v. *Department of Water & Power, supra.*)

The judgment is reversed, and the trial court is instructed to enter judgment directing the board to set aside its decision and to afford petitioner a full and fair hearing.

Kaufman, P. J., and Draper, J., concurred.