[Civ. No. 26540. First Dist., Div. Two. Sept. 25, 1970.]

LEOLA SMITH, Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and
Respondents.

608

## COUNSEL

Travis, Loeb, Salisbury, Wilridge & McNeal, Travis, Salisbury, Bell & Welch, Travis, Salisbury & Bell and Joan O. Salisbury for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Michael C. Killelea, Deputy City Attorney, for Defendants and Respondents.

## OPINION

**DAVID, J.\*** — Leola Smith, after a discharge from her position as licensed vocational nurse following the hearing provided for by section 154 of the Charter of the City and County of San Francisco (Stats. 1948,

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

p. 214), wherein she was represented by counsel, notified the civil service commission that she appealed.[1] On April 15, 1968, the commission sustained the discharge. Her petition for writ of mandate to compel the commission to reopen the appeal was denied, and she now appeals that judgment. The merits of the dispute are not placed before us.

■ By its order, the jurisdiction of the commission over the matter ceased, and it may not of its own volition reopen the matter. (*McGinn* v. *Board of Health* (1931) 113 Cal.App. 228, 231 [298 P.2d 118]; *Heap* v. *City of Los Angeles* (1936) 6 Cal.2d 405, 407 [57 P.2d 1323]; *Hoertkorn* v. *Sullivan* (1944) 67 Cal.App.2d 151 [153 P.2d 367]; *Humbert* v. *Castro Valley County Fire Protection Dist.* (1963) 214 Cal.App.2d 1, 8-10 [29 Cal.Rptr. 158].) Nor may we, unless the commission did not act within its jurisdiction and within the powers conferred upon it (*Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 839 [192 P.2d 929]) or unless the hearing provided in the first instance by the discharging officer was unfair (*Eashman* v. *City & County of S.F.* (1960) 179 Cal.App.2d 782, 785-786 [4 Cal.Rptr. 264]) or as to the action itself, unless there was no substantial evidence to support it. (Cf. *Corcoran* v. *S.F. etc. Retirement System* (1952) 114 Cal.App.2d 738 [251 P.2d 59].)

■ The right to such an appeal is conferred solely by charter section 154. One desiring to appeal the order of discharge, after the hearing required before the discharging officer, must conform to the required procedure. An appeal is taken by notice thereof to the commission, which shall "briefly state the grounds" for the appeal. Appellant's notice of appeal filed February 20, 1968, did not specify any grounds; and within the 30 days allotted for such appeal, following dismissal on February 8, no such specification was made, up to and including April 15 when the commission sustained the discharge.

■ Appellant contends that upon an appeal, the civil service commission must give the appellant a formal hearing, although the commission by charter section 154 is to make "an examination into the case," and no provision for a second hearing is included in the charter. In *Steen* v. *Board of Civil Service Commrs.* (1945) 26 Cal.2d 716, 723 [160 P.2d 816], the court held that the charter provision stating that upon request by the discharged employee, the board "shall proceed to investigate the grounds

---

[1] As to such an appeal, it is provided in section 154: "The appeal and all proceedings shall be in writing and shall briefly state the grounds therefor. The civil service commission shall examine into the case and may require the appointing officer to furnish a record of the hearing and may require in writing any additional evidence it deems material, and may, thereupon, make such decision as it deems just. The order or decision of the commission upon such appeal shall be final and shall forthwith be enforced by the appointing officer."

for such removal, discharge or suspension," required that the employee be afforded a hearing, since no discharge was valid except for cause. Here, there was the required hearing; the commission only acts by way of review to examine into the case. We conclude that a second hearing is not contemplated nor required on appeal. The commission may consider the transcript and the written grounds for appeal and act upon them without more.

■ However, under charter section 154, the commission "may require in writing any additional evidence it deems material." If it does so, or if its examination extends to matters other than the record of the hearing, the employee must be given the opportunity to know and to contest such additional matters. (*La Prade* v. *Department of Water & Power* (1945) 27 Cal.2d 47, 51-52 [162 P.2d 13]; *Scannell* v. *Wolff* (1948) 86 Cal.App.2d 489, 496-497 [195 P.2d 536].)

No unfairness of the hearing itself is claimed, nor in this proceeding is it contended the hearing officer proceeded with a deaf ear and a closed mind. ■ The fact that under the charter procedure, the hearing officer is the appointing officer does not vitiate the procedure. (*Scannell* v. *Wolff, supra,* 86 Cal.App.2d at pp. 492-493.)

On March 22, an employee of the commission inquired of appellant's attorney by telephone whether a written brief would be filed, to which it was replied it would be submitted after a copy of the hearing transcript was received. This was received on April 7. The inquiry may well have been prompted by the fact that the notice of appeal did not, as required, specify the grounds, and the time to do so had expired. We need not consider whether the commission would have had power to waive the time limit. No brief was ever filed.

The trial court found that on April 11 the commission had caused written notices to be mailed to appellant and her attorney, advising that at its meeting on April 15, 1970, the commission would consider her appeal. Appellant and her attorney denied receipt of such notices. The trial court found that the commission did consider the transcript of the appellant's dismissal hearing, and on the date specified, announced its decision sustaining the dismissal. Appellant on April 19 advised the commission that neither she nor her attorney received notice of the April 15 meeting and requested that the decision be set aside and were advised by letter dated April 23 that the action was final, under charter section 154, the commission being precluded from giving further consideration.

■ Rehearings or appeals are not essential to constitutional due process of law, either in judicial or administrative proceedings (16 Am.Jur.2d, Constitutional Law § 583, p. 979) where a hearing has already fully

afforded that due process (*idem.*, § 584, p. 989; cf. *Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.* (1946) 29 Cal.2d 492, 502 [175 P.2d 823]). ■ Compliance with charter section 154 was all that procedural due process required. Due process was not denied by that section, in requiring the appeal to be prosecuted in writing. (*Morgan* v. *United States* (1936) 298 U.S. 468, 481 [80 L.Ed. 1288, 1295, 56 S.Ct. 906]; *Federal Communications Com.* v. *WJR* (1949) 337 U.S. 265, 275-276 [93 L.Ed. 1353, 1360-1361, 69 S.Ct. 1097].)

■ Since the matter is completely before the commission when the transcript and written grounds of appeal are before it, the burden is on the appellant to learn of and conform to any time limits in briefing the appeal. ■ No written or postcard notice was required, and any failure to receive it neither enlarges appellant's rights nor vitiates the decision of the commission. ■ Since the notice of appeal did not state the grounds, as required by section 154, no brief filed after the time limit for such specification could have aided appellant. There was no evidence that anyone promised to wait for the brief, nor that appellant stated when it would be forthcoming.

■ There is no valid basis to hold, as appellant contends, that the commission was estopped to proceed until such brief was filed. Section 154 does not provide for briefs, but does not exclude their receipt and consideration if filed. ■ Such estoppel was not alleged in her petition or included in appellant's objections to the trial court's proposed findings and conclusions of law. Such contention cannot be raised for the first time on this appeal. (*City of Buena Park* v. *Boyar* (1960) 186 Cal.App.2d 61, 66 [8 Cal.Rptr. 674]; *Mitchell* v. *Cheney Slough Irr. Co.* (1943) 57 Cal.App.2d 138, 144-145 [134 P.2d 34].)

The judgment is affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied October 23, 1970, and appellant's petition for a hearing by the Supreme Court was denied November 18, 1970.